## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA,<br>BY ATTORNEY GENERAL,<br>MICHELLE HENRY, | : <br> : <br> : <br> : | Civil Action No. 2:24-cv-05853-JP |
| **Plaintiff,**<br>v. | : <br> : <br> : <br> : | Honorable John R. Padova |
| PROSPECT MEDICAL HOLDINGS, INC.,<br>PROSPECT CROZER, LLC,<br>LEONARD GREEN AND PARTNERS,<br>SAMUEL LEE, INDIVIDUALLY, and<br>DAVID TOPPER, INDIVIDUALLY, | : <br> : <br> : <br> : <br> : | Electronically Filed |
| **Defendants.** | : | |

## ORDER

AND NOW, this _____ day of _____, upon consideration of Plaintiff's Motion for Remand, for Expedited Ruling, and for an Award of Fees and Costs, it is hereby ORDERED and DECREED that said Motion is GRANTED and this case is hereby remanded back to the Delaware County Court of Common Pleas.

It is further ORDERED that Defendants are to pay the fees and costs that the Commonwealth's counsel incurred in the preparation and presentation of this motion.

_____
Padova, U.S.D.J.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA,<br>BY ATTORNEY GENERAL,<br>MICHELLE HENRY, | : <br> : <br> : <br> : | Civil Action No. 2:24-cv-05853-JP |
| **Plaintiff,** | : <br> : | **Honorable John R. Padova** |
| v. | : <br> : | |
| PROSPECT MEDICAL HOLDINGS, INC.,<br>PROSPECT CROZER, LLC,<br>LEONARD GREEN AND PARTNERS,<br>SAMUEL LEE, INDIVIDUALLY, and<br>DAVID TOPPER, INDIVIDUALLY, | : <br> : <br> : <br> : <br> : | **Electronically Filed** |
| **Defendants.** | : | |

## <u>COMMONWEALTH'S MOTION TO REMAND</u>

JAMES A. DONAHUE, III
PA ID NO. 42624
FIRST DEPUTY ATTORNEY GENERAL
OFFICE OF ATTORNEY GENERAL
1600 Arch Street Suite 300
Philadelphia, PA 19103
Telephone: (215) 560-2402

GENE J. HERNE
Chief Deputy Attorney General
Attorney ID NO. 82033

ROSALIND M. KARLIN
Senior Deputy Attorney General
Attorney ID NO. 308417

PAMELA S. FINGERHUT
Senior Deputy Attorney General
Attorney ID NO. 84079

ATTORNEYS FOR PLAINTIFF

## COMMONWEALTH'S MOTION TO REMAND

Pursuant to 28 U.S.C. § 1447(c), the Commonwealth of Pennsylvania, acting as *parens patriae* through its Attorney General, Michelle A. Henry, ("Commonwealth"), respectfully requests that the court remand this case to Delaware County Common Pleas Court and for an award of its counsels' fees and costs in bringing this motion for the reason that there is no basis for federal jurisdiction over this litigation. Defendants Prospect Medical Holdings, Inc. and Prospect Crozer, LLC ("Prospect") have wrongly removed this case, which asserts solely state law claims, to federal court on the basis of diversity jurisdiction. There is no diversity jurisdiction, because under established law the Commonwealth is not a citizen of any state for purposes of 28 U.S.C. §1332(a), and is the real party-in-interest, as set forth more fully in the Memorandum of Law in Support of this Motion to Remand filed simultaneously.

### Pertinent Facts and Procedural History

1.      On October 28, 2024, the Commonwealth filed a Complaint, Motion for An Order Appointing Receiver, and Motion for Preliminary Injunction against Prospect Medical Holdings, Inc., Prospect Crozer, LLC, Samuel Lee, David Topper, and Leonard Green and Partners ("Defendants") in the Court of Common Pleas of Delaware County.

2.      Complaint alleges violations that are rooted in both state statutes and common law.

3.      Commonwealth alleges the following counts against defendants: Count I. Violations of the Breach of Contract by Violating the 2016 Asset Purchase Agreement, Count II. Unjust Enrichment, Count III. Negligent Misrepresentation, Count IV. Constructive Trust, Count V. Breach of Fiduciary Duty, and Count VI. Revocation of Corporate Franchise and Appointment of Receiver of Prospect Crozer.   In addition, in Count VII., the Commonwealth requests that Defendants provide funding to support the transition to nonprofit successor.

4.      Along with the Complaint, the Commonwealth simultaneously filed a Motion for Order Appointing a Receiver and Motion for Preliminary Injunction against Prospect Medical Holdings, Inc., Prospect Crozer, LLC, Samuel Lee, David Topper, and Leonard Green and Partners.

5.      On October 31, 2024, Prospect filed a Notice of Removal asserting diversity jurisdiction.

6.      On November 4, 2024, the Delaware County Common Pleas Judge Eckel issued an Order requiring service be made to the parties by or before November 8, 2024, with which the Commonwealth has completed.

7.      The Commonwealth and Prospect have made the Delaware County Common Pleas Court aware of Prospect's Notice of Removal.

### **Grounds for Remand**

8.      Removal from state to federal court under 28 U.S.C. § 1441 is to be "strictly construed against removal and all doubts should be resolved in favor of remand." *See Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)).

9.    There is no merit to Defendants' contentions that this case can be removed to Federal Court on grounds of diversity of citizenship because the Commonwealth is not a citizen of Pennsylvania.

10.    It is well-settled law that a state is not a citizen of any state for purposes of diversity jurisdiction under 28 U.S.C. § 1332 and § 1441(a). *See Glenmede Trust Co. v. Dow Chem. Co.*, 384 F. Supp. 423, 429 (E.D. Pa. 1974).

11.    It is equally well-settled law that an Attorney General's citizenship is not considered for diversity purposes when he or she seeks to enforce a state law claim on behalf of the state. *See Harvey v. Blockbuster, Inc.* 384 F. Supp. 2d 749, 755 (D.N.J. 2005) (*quoting Aldens, Inc. v. Packel,* 524 F.2d 38, 52 (3d Cir.1975)).

12.    An established line of court decisions has held that state Attorneys General are real parties in interest when protecting the public and seeking injunctive relief for its citizens. *See Commonwealth v. Harbour Portfolio Capital, LLC,* No. CV 18-989, 2018 WL 5994985 at *1 (W.D. Pa. Nov. 15, 2018); *Washington v. CLA Estate Servs., Inc.,* 2018 WL 2057903 (W.D. Wash. May 3, 2018); *Connecticut v. Moody's Corp.*, 664 F. Supp. 2d 196 (D. Conn. 2009); *New York ex rel. Abrams v. GM Corp.*, 547 F. Supp. 703 (S.D.N.Y. 1982).

13.    The Commonwealth is the real party-in-interest in enforcement actions brought by the Attorney General to protect the public's safety, health, and welfare. (Cite)

14.    The Commonwealth's original and amended complaint do not allege, directly or indirectly, that the Defendants violated any federal laws, nor do the Commonwealth's claims arise under federal law or raise a federal question within the meaning of 28 U.S.C. § 1331.

**Request for Attorneys' Fees and Costs**

15.     Given the well-settled and established law as set forth above, the Prospect Defendants have known, or should have known, that no diversity of citizenship or federal question exists to support the removal of this case.

16.     Nevertheless, the Prospect Defendants' improvident removal has caused the Commonwealth to expend unwarranted attorneys' fees and costs in defending against this meritless attempt by the Prospect Defendants.

**<u>Prayer for Relief</u>**

WHEREFORE, for the reasons set forth herein and such other reasons as set forth in the accompanying memorandum of law, the Commonwealth respectfully requests that this Honorable Court enter an order:

(a)     Remanding this case to the Delaware County Court of Common Pleas;

(b)     Awarding the Commonwealth its attorneys' fees and costs; and

(c)     Granting such other relief this Court deems appropriate.

Respectfully submitted,

**COMMONWEALTH OF PENNSYLVANIA OFFICE OF THE ATTORNEY GENERAL**

**MICHELLE A. HENRY**

November 15, 2024                    By:     /s/ James A. Donahue, III
                                        JAMES A. DONAHUE, III

- 4 -

PA ID NO. 42624
FIRST DEPUTY ATTORNEY GENERAL
OFFICE OF ATTORNEY GENERAL
1600 Arch Street Suite 300
Philadelphia, PA 19103
Telephone: (215) 560-2402

GENE J. HERNE
Chief Deputy Attorney General
Attorney ID NO. 82033

ROSALIND M. KARLIN
Senior Deputy Attorney General
Attorney ID NO. 308417

PAMELA S. FINGERHUT
Senior Deputy Attorney General
Attorney ID NO. 84079

ATTORNEYS FOR PLAINTIFF

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **COMMONWEALTH OF PENNSYLVANIA,** | : | **Civil Action No. 2:24-cv-05853-JP** |
| **BY ATTORNEY GENERAL,** | : | |
| **MICHELLE HENRY,** | : | |
| | : | |
| **Plaintiff,** | : | **Honorable John R. Padova** |
| | : | |
| **PROSPECT MEDICAL HOLDINGS, INC.,** | : | |
| **PROSPECT CROZER, LLC,** | : | **Electronically Filed** |
| **LEONARD GREEN AND PARTNERS,** | : | |
| **SAMUEL LEE, INDIVIDUALLY, and** | : | |
| **DAVID TOPPER, INDIVIDUALLY,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OF LAW IN SUPPORT OF THE COMMONWEALTH'S MOTION TO REMAND

# TABLE OF CONTENTS

I.    INTRODUCTION .................................................................................................. 1

II.   FACTUAL BACKGROUND ................................................................................. 1

III.  ARGUMENT ........................................................................................................ 2

   **A.   There is No Basis for Removal of This Case on the Grounds of Diversity of
   Citizenship or Federal Question Jurisdiction**.................................................... 2

         a.    No Diversity Exists Because the Commonwealth is Not a Citizen of Any State. .... 4

         b.    The Commonwealth is the Real Party-in-interest in Enforcement Actions Brought
               by the Attorney General ....................................................................... 5

         c.    Attorney General's Authority to Protect the Public from Harm......................9

   **B.   Request for Attorneys' Fees and Costs**.................................................11

IV.   CONCLUSION ................................................................................................. 11

## TABLE OF AUTHORITIES

**Cases**

*Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26 (3d Cir. 1985) .............................................. 2,3

*Aldens, Inc. v. Packel*, 524 F.2d 38, 52 (3d Cir.1975)..................................................................5

*Alabama ex rel. Galanos v. Star Serv. & Petrol. Co.*, 616 F. Supp. 429 (S.D. Ala. 1985)..........7

*Am. Express Centurion Bank v. Crowson*, No. CV 10-7005, 2011 WL 13227721 (E.D. Pa. Feb.

    17, 2011) ..................................................................................................................................... 3,4

*Boyer v. Snap–On Tools Corp.*, 913 F.2d 108 (3d Cir. 1990) ..................................................... 3,4

*Burch v. Snider,* 461 F. Supp. 598 (D. Md. 1978) ......................................................................... 5

*California v. Universal Syndications, Inc.*, No. C 09–1186 JF (PVT), 2009 WL 1689651 (N.D.

    Cal. June 16, 2009) ...................................................................................................................... 8

*Connecticut v. Moody's Corp.*, 664 F. Supp. 2d 196 (D. Conn. 2009) .......................................... 8

*Florida v. Exxon Mobil Corp.*, 2010 WL 11579390 (N.D. Fla. Apr. 16, 2010)............................ 7

*Glenmede Trust Co. v. Dow Chem. Co.*, 384 F. Supp. 423 (E.D. Pa. 1974) ............................... 4,5

*Harvey v. Blockbuster, Inc.* 384 F. Supp. 2d 749 (D.N.J. 2005) ................................................. 4,5

*Hood v. AstraZeneca Pharmas, LP,* 744 F. Supp. 2d 590 (N.D. Miss. 2010) ............................... 8

*Illinois v. LiveDeal, Inc.*, No. 08–3287, 2009 WL 383434 (C.D. Ill. Feb. 12, 2009).................... 8

*Illinois v. SDS West Corp.*, 640 F. Supp. 2d 1047 (C.D. Ill. 2009) .............................................. 7

*In re Briscoe*, 448 F.3d 201 (3d Cir. 2006)................................................................................... 4

*In re Estate of Feinstein*, 364 Pa.Super  (1987).......................................................................... 10

*In re Estate of Pruner*, 390 Pa. 529  (1957)............................................................................... 10

*In re Standard & Poor's Rating Agency Litigation*, 23 F. Supp. 3d 378 (S.D.N.Y. 2014) ......... 7,8

*Kentucky ex rel. Stumbo v. Marathon Petrol. Co.,* No. 3:07–CV–00030–KKC, 2007 WL
2900461 (E.D. Ky. Oct. 3, 2007) ................................................................................. 6

*Krasner, et al., v. Attorney General, et al.,* 309 A.3d 265 (Cmwlth. Ct. 2024) ...................…..……9

*Mints v. Educational Testing Service, 99 F. 3rd 1253* (1996) …………………………………...11

*Mississippi ex. rel. Hood v. AU Optronics Corp.*, 571 U.S. 161 (2014) ......................................... 5

*Missouri ex rel. Webster v. Best Buy*, 715 F. Supp. 1455 (E.D. Mo. 1989) .................................. 8

*Navarro Sav. Assn. v. Lee*, 446 U.S. 458 (1980) ........................................................................... 5

*New York ex rel. Abrams v. GM Corp.*, 547 F. Supp. 703 (S.D.N.Y. 1982) ................................. 8

*Nuclear Eng'g Co. v. Scott*, 660 F.2d 241 (7th Cir. 1981) ........................................................ 8,9

*Pennsylvania v. Harbour Portfolio Capital, LLC,* No. CV 18-989, 2018 WL 5994985 (W.D. Pa.
Nov. 15, 2018) ............................................................................................................... 5

*Postal Tel. Cable Co. v. Alabama,* 155 U.S. 482 (1894) ................................................................ 4

*Ramada Inns, Inc. v. Rosemount Mem'l Park Ass'n*, 598 F.2d 1303 (3d Cir. 1979) ..................... 5

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941) .......................................................... 3

*Shrader v. Legg Mason Wood Walker*, 880 F. Supp. 366 (1995) …………………………………11

*Steel Valley Auth. v. Union Switch and Signal Div.*, 880 F Supp. 366 1006 (3d Cir. 1987) ....... 2,3

*Township v. Whitehall Township*, 966 F. Supp. 385 (E.D. Pa. 1997) …………………………………11

*Washington v. CLA Estate Servs. Inc.*, 2018 WL 2057903 (W.D. Wash. May 3, 2018) ................ 6

*Wisconsin v. Abbott Labs., Inc.,* 341 F. Supp. 2d 1057 (W.D. Wis. 2004) ..................................... 8

**Statutes**

28 U.S.C. § 1331 .............................................................................................................................. 12

28 U.S.C. § 1332 …………………………………………………………………………………….4,5

28 U.S.C. § 1332(a) ......................................................................................... 1, 2, 5,12

28 U.S.C. § 1441 .................................................................................................... 2

28 U.S.C. § 1441(a)................................................................................................4

28 U.S.C. § 1441(b) ............................................................................................... 2

28 U.S.C. § 1446.................................................................................................... 3

28 U.S.C. § 1447(c) ............................................................................................. 1,4

15 PA §C.S. 5547...................................................................................................9

15 PA §C.S. 5976...................................................................................................9

71 PA §C.S. 732-101..............................................................................................9

71 PA §C.S. 732-204(c)..........................................................................................9

## I.   INTRODUCTION

Pursuant to 28 U.S.C. § 1447(c), the Commonwealth of Pennsylvania, acting as *parens patriae* through its Attorney General, Michelle A. Henry, ("Commonwealth"), respectfully requests that the court remand this case to the Delaware County Court of Common Pleas and for an award of its counsels' fees and costs in bringing this motion for remand. Defendants, Prospect Medical Holdings, Inc. and Prospect Crozer LLC, have wrongly removed this case, which asserts solely state law claims, to federal court on the basis of diversity jurisdiction.  There is no diversity jurisdiction, because under clearly established law the Commonwealth is not a citizen of any state for purposes of 28 U.S.C. §1332(a), and is the real party-in-interest, as set forth below.  Accordingly, the Commonwealth is seeking reimbursement of its attorneys' fees and costs in opposing the removal.

## II.   FACTUAL BACKGROUND

On October 28, 2024, the Commonwealth filed a Complaint, Motion for An Order Appointing Receiver, and Motion for Preliminary Injunction against Prospect Medical Holdings ("Holdings"), Inc., Prospect Crozer LLC ("Prospect Crozer"), collectively referred to as "Prospect" ) LLC, Samuel Lee ("Lee"), David Topper ("Topper"), and Leonard Green and Partners ("Partners") in the Court of Common Pleas of Delaware County.

The Complaint alleges violations that are rooted in both common law and state statutes and includes the following counts against defendants: Count I. Violations of the breach of contract by violating the 2016 Asset Purchase Agreement, Count II. Unjust Enrichment, Count III. Negligent Misrepresentation, Count IV. Constructive Trust, Count V. Breach of Fiduciary Duty, and Count VI. Revocation of Corporate Franchise and Appointment of Receiver of

1

Prospect Crozer.   In addition, in Count VII, the Commonwealth requests that Defendants provide funding to support the transition to one or more nonprofit successors. *See* Complaint ¶ ¶ 70-119, pp. 14-21.  Along with the Complaint, the Commonwealth simultaneously filed a Motion for Order Appointing a Receiver and Motion for Preliminary Injunction against Prospect Medical Holdings, Inc., Prospect Crozer, LLC, Samuel Lee, David Topper, and Leonard Green and Partners.

Prospect defendants are Holdings, a for-profit Delaware corporation with its principal place of business in California and Prospect Crozer, a for-profit Pennsylvania company, whose principal place of business is Pennsylvania (collectively, "Prospect Defendants").  Upon information and belief, co-defendants Samuel Lee, David Topper and Leonard Green and Partners are citizens of California.

On October 31, 2024, Prospect defendants filed a Notice of Removal asserting diversity jurisdiction.

## III.    ARGUMENT

Contrary to the arguments of Defendants, this court lacks subject matter jurisdiction. First, with respect to diversity jurisdiction, it is established law that a state is not a citizen of any state for purposes of establishing diversity jurisdiction under 28 U.S.C. § 1332(a) and § 1441(b) – here the Commonwealth is the real party-in-interest – and no federal question exists.

## A.    There is No Basis for Removal of This Case on the Ground of Diversity of Citizenship

Removal from state to federal court under 28 U.S.C. § 1441 is to be "strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (citing *Abels v. State Farm*

*Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)). A removing party who urges jurisdiction on a

federal court bears the burden of proving that jurisdiction exists. *Id.* In *Steel Valley,* the

defendants were initially successful in their attempt to remove their case to federal court based

on diversity of jurisdiction. *Id.* Plaintiff sought to remand followed by defendant's motion to

dismiss. *Id.* The District Court found in the defendant's favor and dismissed the case. *Id.* The

issue in this case involved whether a party was indispensable and if such finding would then

defeat diversity of jurisdiction. *Id.* The District Court ruled that the party was not indispensable

and plaintiff then appealed to the Third Circuit Court of Appeals. *Id.* The Third Circuit Court

found that the party was indispensable; thus diversity of jurisdiction did not exist and remanded

the matter to state court. *Id.*

As this Court has written, "The defendant bears the burden of proving that the procedural

requirements of § 1446 have been satisfied. *See Boyer v. Snap–On Tools Corp.*, 913 F.2d 108,

111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed. 2d 1046 (1991). It has

long been held that the procedural requirements of the removal statute must be strictly adhered to

in 'due regard for the rightful independence of state governments' from whose courts removal is

sought. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109, 61 S.Ct. 868, 85 L.Ed. 1214

(1941) (quotation omitted)." *Am. Express Centurion Bank v. Crowson*, No. CV 10-7005, 2011

WL 13227721, at *1 (E.D. Pa. Feb. 17, 2011).

In *Boyer*, defendants removed its case from state court to the United States District Court

for the Middle District of Pennsylvania on the basis of diversity of jurisdiction. *Id.* Plaintiffs,

Pennsylvania citizens, moved to remand under 28 U.S.C. §1447 (c) based on the joinder of

defendants who were also citizens of the same state as the plaintiffs. *Id.* The District Court

found that defendants were fraudulently joined and issued summary judgment. Plaintiff

3

appealed to the Third Circuit Court of Appeals. *Id.* The Third Circuit Court of Appeal found that the District Court improperly held that nondiverse defendants were fraudulently joined and that the case must be remanded to state court to make such a determination. *Id.*

In the instant case, Prospect is unable to satisfy the strictly construed legal standard for removal based on diversity of jurisdiction, which mandates that this matter be remanded to state court where a determination about the underlying state claims can be adjudicated.

**a.  No Diversity Exists Because the Commonwealth is Not a Citizen of Any State.**

Defendants' Notice of Removal in the instant case is fatally flawed because the Commonwealth is not a citizen of Pennsylvania. When removal is predicated upon diversity of citizenship, "a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties, that is, **every plaintiff must be of diverse state citizenship from every defendant.**" *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006)(emphasis added). "[T]he federal district court must remand the case if it appears that there is no subject matter jurisdiction. 28 U.S.C. § 1447(c)." *Am. Express Centurion Bank*, 2011 WL 13227721, at *1.

A state is not a citizen of any state for purposes of diversity jurisdiction under 28 U.S.C. § 1332 and § 1441(a). *Glenmede Trust Co. v. Dow Chem. Co.*, 384 F. Supp. 423, 429 (E.D. Pa. 1974); *Postal Tel. Cable Co. v. Alabama*, 155 U.S. 482, 487 (1894). If a party named in a suit actually represents the state in that action and the state is the real party-in-interest, there can be no removal on the basis of diversity jurisdiction. *Glenmede*, 384 F. Supp at 431.

An Attorney General or other official is considered to be a state's alter ego. The official's citizenship is not considered "for diversity purposes[,] when he seeks to enforce a state law claim on behalf of the state." *Harvey v. Blockbuster, Inc.* 384 F. Supp. 2d 749, 755 (D.N.J.

4

2005) (*quoting Aldens, Inc. v. Packel*, 524 F.2d 38, 52 (3d Cir.1975)). *See Burch v. Snider*, 461

F. Supp. 598, 601-02 (D. Md. 1978) (dismissing claim brought by Maryland Attorney General

for lack of § 1332 jurisdiction). *See also Glenmede* 384 F. Supp. at 431 (action involving

charitable trust remanded where Pennsylvania Attorney General is a defendant).

### b. The Commonwealth is the Real Party-in-Interest in Enforcement Actions Brought by the Attorney General.

Notwithstanding that the Commonwealth as named plaintiff is not a citizen of any state

for purposes of 28 U.S.C. § 1332(a), in certain contexts courts have been required to look behind

the pleadings to ensure that parties are not improperly creating or destroying diversity

jurisdiction. And in cases involving a State or state official, the inquiry is made "into the real

party-in-interest because a State's presence as a party will destroy complete diversity."

*Mississippi ex. rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 174 (2014). In determining

whether diversity jurisdiction exists, a court must also look to the citizenship of the real party-in-

interest, if different from the named party. *Navarro Sav. Assn. v. Lee*, 446 U.S. 458, 460 (1980).

To determine the identity of the real party-in-interest, a court must examine and determine the

"essential nature and effect" of the proceeding. *Ramada Inns, Inc. v. Rosemount Mem'l Park

Ass'n*, 598 F.2d 1303, 1306 (3d Cir. 1979).

An established line of decisions holds that State Attorney Generals are the real parties in

interest when enforcing laws to protect the public and seeking injunctive relief for its state's

citizens. See *Pennsylvania v. Harbour Portfolio Capital, LLC*, No. CV 18-989, 2018 WL

5994985, at *4 (W.D. Pa. Nov. 15, 2018) (finding the Commonwealth of Pennsylvania is a real

party-in-interest in consumer protection lawsuits because the Commonwealth has a genuine

quasi-sovereign interest in enforcing consumer protection laws). There is "widespread legal

support" for the Commonwealth's position that the instant suit to enforce its interest in an

"honest marketplace" and the "economic welfare of its citizenry" bestows real party-in-interest status on it, whether or not one element of the relief sought would benefit a specific set of consumers. *Washington v. CLA Estate Servs. Inc.*, 2018 WL 2057903 at *1 (W.D. Wash. May 3, 2018). In this case, the State of Washington sued CLE Estate Services, Inc., and Mitchell Reed Johnson in King County Superior Court, alleging violations of the Washington Consumer Protection Act and the Washington Estate Distribution Documents Act. Defendants removed the case to federal court, alleging that individual citizens of the State of Washington who were harmed by defendants' actions were the real parties in interest. The federal court remanded to state court, noting that the position that a state cannot claim real party-in-interest status when it sues for broad prospective relief and also for restitution for a limited set of consumers "has been rejected by the majority of courts." *Id.* at *1.

There are many analogous examples where courts have similarly remanded. In *Kentucky ex rel. Stumbo v. Marathon Petrol. Co.*, the Kentucky Attorney General filed a state-court complaint against three oil companies, alleging they had violated the state's price-gouging law by selling gasoline at "grossly excessive" prices during a declared emergency. *Kentucky ex rel. Stumbo v. Marathon Petrol. Co.* No. 3:07–CV–00030–KKC, 2007 WL 2900461 at *1 (E.D. Ky. Oct. 3, 2007). The Attorney General sought civil penalties, an injunction, and restitution for the injured customers. *Id.* at *1, *5. The defendants removed the case to federal court based on diversity, arguing that the customers—rather than the state—were the real parties in interest. The court disagreed and remanded, noting that declaratory relief, an injunction, and civil penalties would benefit all Kentucky consumers and that restitution was only one aspect of the requested relief. *Id.* at *2–5.

Similarly, in *Alabama ex rel. Galanos v. Star Serv. & Petrol. Co.*, 616 F. Supp. 429 (S.D. Ala. 1985), a county prosecutor sued several oil companies under Alabama's Motor Fuel Marketing Act. The action was brought to prevent "price wars," that occur when competitors repeatedly cut prices to gain business. The prosecutor sought civil penalties and an injunction. The companies removed the case to federal court based on diversity. But the court remanded the action, concluding that the case was brought to protect Alabama's fuel market and that the state was the real party-in-interest. *Id.* at 430–31. The court so held even though retailers stood to benefit from the lawsuit: "Whether other parties will benefit from this action does not affect the state's valid interest in enforcing this statutory scheme." *Id.* at 431.

In *Illinois v. SDS West Corp.*, 640 F. Supp. 2d 1047 (C.D. Ill. 2009), the Illinois Attorney General brought an enforcement action against several companies, alleging that they had made false and misleading statements in connection with provision of debt-settlement services. The Attorney General sought an injunction, civil penalties, restitution, and rescission for injured consumers. The defendants removed the case based on diversity. *Id.* at 1049. The court determined that Illinois had a "substantial stake" in the outcome and that the Attorney General was the real party-in-interest even though it sought restitution on behalf of injured consumers. The court acknowledged that some of the requested relief—restitution and rescission—would benefit the defrauded consumers rather than the public at large. However, viewing the case as a whole, the court held that Illinois was the real party plaintiff and remanded. *Id.* at 1052.

A multitude of comparable cases have reached the same result. *See Florida v. Exxon Mobil Corp.*, 2010 WL 11579390 (N.D. Fla. Apr. 16, 2010) (finding the State of Florida is the real party plaintiff in a case involving allegations of violation of anti-price gouging laws, even where one element of recovery sought is restitution for damaged consumers); *In re Standard &*

7

*Poor's Rating Agency Litigation*, 23 F. Supp. 3d 378, 406 (S.D.N.Y. 2014) (noting that "[A]s the overwhelming weight of authority makes clear, the fact that individual Mississippi consumers could ultimately benefit financially from a favorable resolution of this case does not minimize or negate the State's substantial interest.") (citing *Hood v. AstraZeneca Pharmas, LP*, 744 F. Supp. 2d 590, 596 (N.D. Miss. 2010)); *Connecticut v. Moody's Corp.*, 664 F. Supp. 2d 196 (D. Conn. 2009) (rejecting Defendants' argument that the state was not the real party plaintiff in a case brought under the state's consumer-protection act to recover civil penalties and restitution); *California v. Universal Syndications, Inc.*, No. C 09–1186 JF (PVT), 2009 WL 1689651 (N.D. Cal. June 16, 2009) (deeming California the real party plaintiff in a case brought to recover civil penalties, injunctive relief, and restitution for false advertising); *Illinois v. LiveDeal, Inc.*, No. 08–3287, 2009 WL 383434, at *3 (C.D. Ill. Feb. 12, 2009) (finding that Illinois is the real party-in-interest when, in addition to injunctive relief and civil fines, it also seeks restitution for individual citizens); *Wisconsin v. Abbott Labs., Inc.*, 341 F. Supp. 2d 1057, 1063 (W.D. Wis. 2004) (viewing the complaint as a whole, the court found that Wisconsin was the real party-in-interest in a case brought against drug companies for inflating the wholesale prices of their drugs, noting that the fact that plaintiff sought restitution for private parties as one element of damages "does not minimize or negate the plaintiff's substantial interest"); *Missouri ex rel. Webster v. Best Buy*, 715 F. Supp. 1455 (E.D. Mo. 1989) (deeming Missouri the real party plaintiff in an action brought to recover civil penalties, restitution, and injunctive relief for violations of the state's Merchandising Practices Act); *New York ex rel. Abrams v. GM Corp.*, 547 F. Supp. 703 (S.D.N.Y. 1982) (deeming New York the real party-in-interest in a case brought to recover restitution and injunctive relief for consumer protection act violations associated with automatic transmission defects); and *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981)

8

(remanding a suit by the Illinois Attorney General to state court and rejecting the theory that diversity existed because the Attorney General was himself the real party-in-interest because he allegedly commenced the action outside the scope of his lawful authority).

### c. Attorney General's Authority to Protect the Public from Harm

Both the Commonwealth Attorney's Act ("Act"), 71 Pa. C.S. § 732-101 et seq. and the Attorney General's role as *parens patriae* provide the framework for broad supervisory authority over all property committed to charitable purposes. Section 732-204 (c) of the Act provides that "[t]he Attorney General shall represent the Commonwealth and all Commonwealth Agencies and may intervene in any other action including those involving charitable bequests and trusts...." *See Krasner, et al., v. Attorney General, et al.,* 309 A.3d 265 (Cmwlth. Ct. 2024), holding that, "[t]his section unambiguously gives the [Attorney General] the authority to represent . . . the Commonwealth in *any* civil litigation (emphasis in original)(citation omitted). *Id.* at 275. *Krasner* involved the Philadelphia and Allegheny Counties' district attorneys who unsuccessfully challenged the authority of the Attorney General to settle and extinguish the district attorneys' claims against distributors and manufacturers of opioids.

Pursuant to Section 5976 of the Nonprofit Corporation Law, 15 Pa. C.S. § 5976, it is unlawful to sell property committed to charitable purposes if the sale will divert assets from the purposes to which the property was originally committed without an Order approving the sale pursuant to 15 Pa. C.S. § 5547. The June 28, 2016 Order granting the sale of CKHS to Prospect found that the sale would not result in a diversion of charitable assets based upon its commitments and representations made to the Commonwealth, the Delaware County Court of Common Pleas, and the public. *See* Complaint ¶ 72, p. 15. Prospect's violations of the APA, however, breached its commitments to the public and failed to extinguish the charitable interest

in the former health care system, resulting in the unlawful diversion of property committed to charitable purposes. Therefore, the Commonwealth seeks injunctive relief and the appointment of a receiver to prevent Prospect from further harming the public.

Pennsylvania's case law makes it clear that the public-at-large is the ultimate beneficiary of all charitable assets and that the Attorney General is charged with representing the public's interest when acting as *parens patriae*.[1] *See* In re Estate of Pruner, 390 Pa. 529,532, 136 A. 2d 107, 109 (1957) ("The responsibility for public supervision [of charitable trusts] traditionally has been delegated to the attorney general to be performed as an exercise of his *parens patriae* powers."); In re Estate of Feinstein, 364 Pa. Super. 221, 225 n.3, 527 A. 2d 1034, 1036 n. 3 (1987) ("The Attorney General represents a broader interest than that of the charity alone.  He must protect the interest of the public at large to whom the social and economic benefits of charitable trusts accrue.").

The Commonwealth has the duty to enforce the terms of the 2016 Asset Purchase Agreement ("APA").   Prospect failed to honor its commitments under this agreement by breaching its contractual obligations. Therefore, Prospect has failed to fully satisfy its commitments made under the APA, leaving a balance owed to the public. As such, the Commonwealth, on behalf of the public, is the real party-in-interest as the cited authorities make clear.

Beyond Prospect's failure to honor its commitments, the Commonwealth also has the ability to preserve the public's access to healthcare. Pursuant to its *parens patriae* powers, the Commonwealth has standing to pursue actions that protect the public, including but not limited

---

[1] *Parens patriae* literal definition is "parent of his or her country."  A doctrine by which a government has standing to prosecute a lawsuit on behalf of a citizen…." Black's Law Dictionary, 12th Edition, 2024. (citations omitted).

to, the availability of healthcare services. The Commonwealth also has a distinct responsibility to oversee and bring enforcement actions against parties who attempt to limit the public's ability to access healthcare.

**B.    Request for Attorneys' Fees and Costs**

This Court may award fees pursuant to 28 U.S.C. § 1447 (c ) upon an order of remand. An award is appropriate when the attempt at removal is unsuccessful. *See* <u>Shrader v. Legg Mason Wood Walker Inc</u>. 880 F. Supp. 366, 368 (E.D. Pa. 1995), or "where the lack of jurisdiction is plain in the law and would have been revealed to counsel for defendants with a minimum of research." <u>Township of Whitehall v. Allentown Auto Auction</u>, 966 F. Supp. 385 (E.D. Pa. 1997), *See also* <u>Mints v. Educational Testing Service</u>, 99 F.3rd. 1253, 1260 (3d Cir. 1996) (the District court has broad discretion and flexibility in deciding whether to require the party that removed a case to federal court and was subsequently remanded to state court to pay attorney's fees) . In the above cited cases, the Court awarded attorney fees to each of the parties that successfully remanded the case to state court. Here, Prospect raises diversity of jurisdiction even though it is well settled law, as described above, that the Attorney General's Office is not a citizen. A basic search would have revealed that the Federal Circuit Courts have long held that the Attorney General is not a citizen for purposes of diversity jurisdiction. Thus, the Court should award fees and costs to the Commonwealth.

**IV.    CONCLUSION**

The Attorney General is a sole plaintiff acting in a *parens patriae* capacity, and is not participating in litigation alongside private parties, law firms, entities, or individuals. This is

11

certainly not a case where the Commonwealth is added as a party for the purpose of destroying diversity jurisdiction. The Commonwealth of Pennsylvania is not a citizen of any state and is the real party-in-interest in the instant case. The Commonwealth's complaint does not allege, directly or indirectly, that the Defendants violated any federal laws, nor do the Commonwealth's claims against Defendants arise under federal law or raise a federal question within the meaning of 28 U.S.C. § 1331, which would confer original federal court jurisdiction over this matter. The allegations against the Defendants are strictly rooted in common law and state statutes. Thus, diversity of citizenship as defined under 28 U.S.C. § 1332(a) does not exist. Therefore the case must be remanded.

Respectfully submitted,

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL

MICHELLE HENRY
ATTORNEY GENERAL

By:    */s/ James A. Donahue, III*
     James A. Donahue, III
     First Deputy Attorney General
     Attorney for Plaintiff
     PA ID No. 42624
     Office of Attorney General
     1600 Arch Street, 3rd Floor
     Philadelphia, PA 19103
     Phone: (215) 560-2402

November 15, 2024

12

Gene J. Herne
Chief Deputy Attorney General
Attorney ID NO. 82033

Rosalind M. Karlin
Senior Deputy Attorney General
Attorney ID NO. 308417

Pamela S. Fingerhut
Senior Deputy Attorney General
Attorney ID NO. 84079

ATTORNEYS FOR PLAINTIFF

13

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA BY ATTORNEY GENERAL MICHELLE HENRY | : : : : | Civil Action No. 2:24-cv-05853-JP |
| Plaintiff | : : : | Honorable John R. Padova |
| PROSPECT MEDICAL HOLDINGS, INC., PROSPECT CROZER, LLC, LEONARD GREEN AND PARTNERS, SAMUEL LEE, INDIVIDUALLY, and DAVID TOPPER, INDIVIDUALLY | : : : : : : | Electronically Filed |
| Defendants | : : | |

## CERTIFICATE OF SERVICE

I, Rosalind M. Karlin, hereby certify that the Motion to Remand and Memorandum of Law have been filed electronically and are available for viewing and downloading from the Court's Electronic Case Filing System").  The following parties are listed as ECF Filing Users and are therefore automatically served by electronic means:

**JAMES A. DONAHUE, III**
Office of Attorney General
1435 Strawberry Square
Harrisburg, PA 17120
717-787-4530
717-705-7110 (fax)
jdonahue@attorneygeneral.gov

representing

**COMMONWEALTH OF PENNSYLVANIA**
1600 Arch St., Ste. 300
Philadelphia, PA 19103
*(Plaintiff)*

**MICHAEL L. FAZIO**

representing

**LEONARD GREEN AND**

Quinn Emanuel Urquhart & Sullivan, LLP                **PARTNERS**
865 S. Figueroa St., 10th Floor                       *(Defendant)*
213-443-3227
michaelfazio@quinnemanuel.com
**LUKE P. McLOUGHLIN**          representing          **PROSPECT CROZER,**
Duane Morris, LLP                                     **LLC**
30 S. 17th Street                                     *(Defendant)*
Philadelphia, PA 19103
215-979-1000
lpmcloughlin@duanemorris.com


**MARY KATE DEWITT**            representing          **LEONARD GREEN AND**
Pietragllo Gordon, et al                             **PARTNERS**
1818 Market Street, Suite 3402                        *(Defendant)*
Philadelphia, PA 19103
267-408-6730
mkm@pietragallo.com


LAUREN E. PUGH                  representing          **PROSPECT CROZER,**
Duane Morris, LLP                                     **LLC**
30 South 17th Street                                  *(Defendant)*
Philadelphia, PA 19103
610-812-8711
lpugh@duanemorris.com


**MARC S. RASPANTI**            representing          **LEONARD GREEN AND**
Pietragallo Gordon Alfano Bosick & Raspanti, LLP     **PARTNERS**
1818 Market Street, Suite 3402                        *(Defendant)*
Philadelphia, PA 19103
215-320-6200
215-981-0082 (fax)
msr@pietragallo.com


**DOUGLAS KEITH ROSENBLUM**     representing          **LEONARD GREEN AND**
Pietragallo Gordon Alfano Bosick & Raspanti, LLP     **PARTNERS**
1818 Market Street, Suite 3402                        *(Defendant)*
Philadelphia, PA 19103
215-320-6200
215-981-0082 (fax)
dkr@pietragallo.com

**MANISHA M. SHETH**          representing          **LEONARD GREEN AND**
Quinn Emanuel Urquhart & Sullivan, LLP                              **PARTNERS**
51 Madison Avenue                                                  *(Defendant)*
New York, NY  10010
215-849-7441
manishasheth@quinnemanuel.com


                                        By:        s/ Rosalind M. Karlin
                                                   _____

                                                   Rosalind M. Karlin
Office of Attorney General                         Senior Deputy Attorney General
The Phoenix                                        Attorney I.D. No. 308317
1600 Arch Street, Suite 300
Philadelphia, PA 19103
Phone: (215) 560-2402
Fax:    (215) 560-2494