# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA By MICHELLE A. HENRY, Attorney General,<br><br>Plaintiff,<br><br>v.<br><br>PROSPECT MEDICAL HOLDINGS, INC., PROSPECT CROZER, LLC, LEONARD GREEN AND PARTNERS, SAMUEL LEE, Individually, and DAVID TOPPER, Individually,<br><br>Defendants. | Case No.: 2:24-cv-05853-JFM |

## DEFENDANTS PROSPECT MEDICAL HOLDINGS, INC. AND PROSPECT CROZER, LLC'S AMENDED NOTICE OF REMOVAL

Defendants Prospect Medical Holdings, Inc. and Prospect Crozer, LLC ("Prospect Defendants") file this amended notice to remove this action to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1332, 1441, and 1446. Plaintiff originally filed this action in the Delaware County Court of Common Pleas, Case No. 2024-009428.

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA AND TO PLAINTIFF AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Prospect Medical Holdings, Inc. and Prospect Crozer, LLC ("Prospect Defendants"), hereby remove the above-captioned case from the Delaware County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania asserting diversity jurisdiction under 28 U.S.C. § 1332.

## I.     BACKGROUND

1.     On October 28, 2024, Plaintiff, the Commonwealth of Pennsylvania, acting through its Attorney General, Michelle A. Henry, filed a complaint in the Delaware County Court of Common Pleas claiming, among others, that the Prospect Defendants had breached obligations under a 2016 Asset Purchase Agreement to which the Commonwealth is not a party. *See* **Exhibit A** ("Compl.").

2.     The Commonwealth challenges, among others, Prospect Defendants' alleged failure to comply with federal pension benefit requirements. *See* Compl. ¶¶ 15, 21–24, 75–77.

3.     Plaintiff brings claims against the Prospect Defendants as well as Defendants Samuel Lee, David Topper, and Leonard Green & Partners (collectively, "Co-Defendants"), for breach of contract (Count I), negligent misrepresentation (Count II), unjust enrichment (Count III), and breach of fiduciary duty (Count V).

4.     Plaintiff also seeks a constructive trust (Count IV), the revocation of a corporate franchise and appointment of a receiver (Count VI), and funding to support transition to a nonprofit successor (Count VII).

## II. TIMELINESS OF AMENDMENT

5. The Prospect Defendants timely filed their Notice of Removal on October 31, 2024 (the day the Prospect Defendants notified the Attorney General that it accepted service). *See* ECF No. 1.

6. This Amended Notice of Removal is timely filed because a notice of removal may be amended freely within the 30-day period allowed for removal. *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 206, n. 13 (3d Cir. 2003).

7. In removing this action, the Prospect Defendants do not waive any rights or defenses to which they are otherwise entitled, including but not limited to those set forth in Federal Rules of Civil Procedure 12(b), 13, 26, 33 and 34, and all defenses available under Pennsylvania law and its procedural rules.

## III. DIVERSITY OF CITIZENSHIP

8. Removal is appropriate pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because complete diversity exists between Plaintiff and the Defendants and the alleged amount in controversy exceeds $75,000.

### A. Complete Diversity of Citizenship Exists

9. While in certain circumstances diversity jurisdiction does not exist where a state is the only plaintiff, a well-worn and notable exception exists where an examination of the "essential nature and effect of the proceeding" reveals that the state should not be considered the only plaintiff. *W. Virginia ex rel. McGraw v. Comcast Corp.*, 705 F. Supp. 2d 441, 445 (E.D. Pa. 2010) (diversity jurisdiction held to exist); *see also Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 174 (2014) ("[I]n cases involving a State or state official, we have inquired into the real party in interest because a State's presence as a party will destroy complete diversity.").

10. Therefore, regardless of the named parties in a lawsuit's caption, the "essential nature and effect of the proceeding" determines whether a state is the real party in interest for jurisdictional purposes. *Pennsylvania v. Harbour Portfolio Cap., LLC*, 2018 WL 5994985, at *1 (W.D. Pa. Nov. 15, 2018).

11. To determine whether diversity of citizenship exists, a court must "look behind the pleadings" and inquire into the real party in interest. *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 238 F. Supp. 3d 723, 727 (E.D. Pa. 2017).

12. Where, for instance, a private party or a subset of the Commonwealth is the real party in interest, diversity of citizenship exists and federal jurisdiction is fully appropriate. *See In re Avandia Mktg., Sales Pracs. and Prod. Liab. Litig.*, 238 F. Supp. 3d at 731–32 ("Because the Court concludes that the real party in interest is the County of Santa Clara, diversity of citizenship existed when the case was filed and continues to exist now."); *Louisiana ex rel. Caldwell v. Allstate Ins. Co.*, 536 F.3d 418, 429 (5th Cir. 2008) (holding that action brought by state was filed on behalf of insurance policyholders, who were real parties in interest who were aggrieved), *abrogated on other grounds, Mississippi ex rel Hood v. AU Optronics Corp.*, 571 U.S. 161 (2014); *West Virginia ex rel McGraw v. Comcast Corp.*, 705 F. Supp. 2d 441, 451–52 (E.D. Pa. 2010) (holding that West Virginia was not acting in *parens patriae* capacity when the real parties in interest were individual consumers).

13. Tellingly, in *Ramada Inns, Inc. v. Rosemount Memorial Park Association*, the United States Court of Appeals for the Third Circuit found the state of New Jersey not to be the real party in interest in a contract dispute between two private parties. As here, the core of the case was an allegation of breach of contract, and (again as here), because the state was not a party to the contract, and because any issues which affected the state were separate and completely distinct

from the contract dispute, the state was deemed not to be the real party in interest. *See Ramada Inns, Inc. v. Rosemount Mem'l Park Ass'n*, 598 F.2d 1303, 1306 (3d Cir. 1979) (holding that the state could not be considered a real party in interest in a contract dispute between two private parties).

14. Likewise, here, looking to the essential nature and effect of the Complaint, the Commonwealth has brought a breach-of-contract action seeking to enforce an Asset Purchase Agreement to which it is not a party. Following Third Circuit precedent, the Commonwealth is not the real party in interest to a contract dispute involving private parties, and regarding the services provided at a hospital system located **only** in Delaware County, Pennsylvania. *See generally* Compl. ¶¶ 1–119.

15. The real party in interest is the <u>actual</u> counterparty to the Asset Purchase Agreement: the foundation (now called the Foundation for Delaware County) specified in the Asset Purchase Agreement (¶ 6.13) as the successor entity to the seller. *Id*. (successor entity to be the "Crozer-Keystone Community Foundation" (later renamed)). Endowed with tens of millions of dollars via the Asset Purchase Agreement, the Foundation for Delaware County is a Pennsylvania citizen located at 200 East State Street, Suite 304, Media, Delaware County, Pennsylvania 19063.

B. **The Defendants are Not Citizens of Pennsylvania**

16. Defendant Prospect Medical Holdings, Inc. is a Delaware Corporation with its principal place of business located in California. Compl. ¶ 4. Therefore, it is a citizen of Delaware and California for diversity purposes.

17. Defendant Prospect Crozer, LLC is a Pennsylvania liability company with its principal place of business in Pennsylvania. *Id*. ¶ 5.

18. However, the state of organization and the principal place of business of a limited liability company and other unincorporated associations "are legally irrelevant" for determining their citizenship. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *Carden v. Arkoma Associates*, 494 U.S. 185, 192 (1990)).

19. Instead, the citizenship of an unincorporated association is determined by the citizenship of its members. *Id.*

20. Defendant Prospect Crozer, LLC has one member, Prospect Penn, LLC.

(a) Prospect Penn, LLC has one member, Prospect Medical Holdings, Inc.

(b) Again, Prospect Medical Holdings, Inc. is citizen of Delaware and California.

21. Therefore, Prospect Crozer, LLC is a citizen of Delaware and California.

22. Upon information and belief, Defendant Samuel Lee resides in and is a citizen of California.

23. Upon information and belief, Defendant David Topper resides in and is a citizen of California.

24. Upon information and belief, no member of Defendant Leonard Green & Partners is a citizen of Pennsylvania.

25. Therefore, none of the Defendants are Pennsylvania citizens.

26. Accordingly, complete diversity exists between the parties.

**C.** **The Amount in Controversy Alleged Exceeds $75,000**

27. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states.

28. Although Prospect Defendants deny any and all liability, the Complaint's alleged damages include requiring Prospect Defendants to fund certain ongoing operating costs for a major hospital system, along with requiring Co-Defendants to pay back "dividends received to be used proportionally by Pennsylvania, Connecticut, Rhode Island, and California to fund health care initiatives . . . " (*see* Compl.'s Prayer for Relief), which Plaintiff alleges amounts to "at least $90 million[.]" *See* Compl. ¶ 26.

29. Additionally, Plaintiff seeks damages related to its costs of investigation and attorneys' fees incurred in this matter. *See* Compl.'s Prayer for Relief.

30. Accordingly, if liability is imposed and damages are awarded in this case (which the Prospect Defendants contest), the damages Plaintiff will seek will exceed $75,000.

### IV. VENUE

31. Venue lies in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1441, 1446(a).

32. This action originally was brought in the Delaware County Court of Common Pleas, which is located in this District.

33. Therefore, it is properly removed to this District.

### V. NOTICE OF REMOVAL TO STATE COURT AND TO PLAINTIFF

34. This Notice of Removal will be promptly served on Plaintiff and filed with the clerk of the Delaware County Court of Common Pleas, as required under 28 U.S.C. § 1446(d).

### VI. PRAYER FOR REMOVAL

35. **WHEREFORE**, the Prospect Defendants pray that this civil action be removed from the Delaware County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania.

Dated: November 27, 2024                    **DUANE MORRIS LLP**

                                             By: */s/ Luke P. McLoughlin*
                                                  Luke P. McLoughlin
                                                  Alan C. Kessler
                                                  Lauren Pugh

                                          *Counsel for Defendants Prospect Medical*
                                          *Holdings, Inc. and Prospect Crozer, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA By MICHELLE A. HENRY, Attorney General,<br><br>Plaintiff,<br><br>v.<br><br>PROSPECT MEDICAL HOLDINGS, INC., PROSPECT CROZER, LLC, LEONARD GREEN AND PARTNERS, SAMUEL LEE, Individually, and DAVID TOPPER, Individually,<br><br>Defendants. | Case No.: 2:24-cv-05853-JFM<br><br>~~DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT~~<br><br>~~[Removed from the Delaware County Court of Common Pleas, Case No. CV-2024-009428]~~<br>~~Complaint Filed: October 28, 2024~~ |

## DEFENDANTS PROSPECT MEDICAL HOLDINGS, INC. AND PROSPECT CROZER, LLC'S AMENDED NOTICE OF REMOVAL

Defendants Prospect Medical Holdings, Inc. and Prospect Crozer, LLC ("Prospect Defendants") file this amended notice to remove this action to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1332, 1441, and 1446. Plaintiff originally filed this action in the Delaware County Court of Common Pleas, Case No. 2024-009428.

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA AND TO PLAINTIFF AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Prospect Medical Holdings, Inc. and Prospect Crozer, LLC ("Prospect Defendants"), hereby remove the above-captioned case from the Delaware County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania~~, on the basis of~~ asserting diversity jurisdiction under 28 U.S.C. § 1332.

## I. BACKGROUND

1. On October 28, 2024, Plaintiff, the Commonwealth of Pennsylvania, acting through its Attorney General, Michelle A. Henry, filed a complaint in the Delaware County Court of Common Pleas claiming, among ~~other things~~others, that the Prospect Defendants had breached obligations under a 2016 Asset Purchase Agreement to which the Commonwealth is not a party. *See* **Exhibit A** ("Compl.").

2. The Commonwealth challenges, among others, Prospect Defendants' alleged failure to comply with federal pension benefit requirements. *See* Compl. ¶¶ 15, 21–24, 75–77.

3. ~~2.~~ Plaintiff brings claims against the Prospect Defendants as well as Defendants Samuel Lee, David Topper, and Leonard Green & Partners (collectively, "Co-Defendants"), for breach of contract (Count I), negligent misrepresentation (Count II), unjust enrichment (Count III), and breach of fiduciary duty (Count V).

4. ~~3.~~ Plaintiff also seeks a constructive trust (Count IV), the revocation of a corporate franchise and appointment of a receiver (Count VI), and funding to support transition to a nonprofit successor (Count VII).

~~4. Upon information and belief, none of the Co-Defendants have been properly served.~~

~~5. As such, the Prospect Defendants need not obtain Co-Defendants' consent to the removal of this action. *See* 28 USC § 1446(b)(2)(A).~~

~~6. As required by 28 U.S.C. § 1446(a), a copy of all other process, pleading, and orders are attached as **Exhibits B** and **C**.~~

II.     **TIMELINESS OF ~~REMOVAL~~<ins>AMENDMENT</ins>**

<ins>5.      The Prospect Defendants timely filed their Notice of Removal on October 31, 2024 (the day the Prospect Defendants notified the Attorney General that it accepted service). *See* ECF No. 1.</ins>

<ins>6.</ins>      ~~7.~~ This <ins>Amended</ins> Notice of Removal is timely filed ~~as the Complaint was filed less than 30 days ago and Defendants have not yet been properly joined and served with the Complaint. *See* 28 U.S.C. § 1446(b)(1) & (b)(3).~~ <ins>because a notice of removal may be amended freely within the 30-day period allowed for removal. *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 206, n. 13 (3d Cir. 2003).</ins>

<ins>7.</ins>      ~~8.~~ In removing this action, the Prospect Defendants do not waive any rights or defenses to which they are otherwise entitled, including but not limited to those set forth in Federal Rules of Civil Procedure 12(b), 13, 26, 33 and 34, and all defenses available under Pennsylvania law and its procedural rules.

III.    **DIVERSITY OF CITIZENSHIP**

<ins>8.</ins>      ~~9.~~ Removal is appropriate pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because complete diversity exists between Plaintiff and the Defendants and the alleged amount in controversy exceeds $75,000.

   A.   **Complete Diversity of Citizenship Exists**

~~10. Plaintiff is a citizen of Pennsylvania. Compl. ¶ 3.~~

9. While in certain circumstances diversity jurisdiction does not exist where a state is the only plaintiff, a well-worn and notable exception exists where an examination of the "essential nature and effect of the proceeding" reveals that the state should not be considered the only plaintiff. *W. Virginia ex rel. McGraw v. Comcast Corp.*, 705 F. Supp. 2d 441, 445 (E.D. Pa. 2010) (diversity jurisdiction held to exist); *see also Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 174 (2014) ("[I]n cases involving a State or state official, we have inquired into the real party in interest because a State's presence as a party will destroy complete diversity.").

10. Therefore, regardless of the named parties in a lawsuit's caption, the "essential nature and effect of the proceeding" determines whether a state is the real party in interest for jurisdictional purposes. *Pennsylvania v. Harbour Portfolio Cap., LLC*, 2018 WL 5994985, at *1 (W.D. Pa. Nov. 15, 2018).

11. To determine whether diversity of citizenship exists, a court must "look behind the pleadings" and inquire into the real party in interest. *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 238 F. Supp. 3d 723, 727 (E.D. Pa. 2017).

12. Where, for instance, a private party or a subset of the Commonwealth is the real party in interest, diversity of citizenship exists and federal jurisdiction is fully appropriate. *See In re Avandia Mktg., Sales Pracs. and Prod. Liab. Litig.*, 238 F. Supp. 3d at 731–32 ("Because the Court concludes that the real party in interest is the County of Santa Clara, diversity of citizenship existed when the case was filed and continues to exist now."); *Louisiana ex rel. Caldwell v. Allstate Ins. Co.*, 536 F.3d 418, 429 (5th Cir. 2008) (holding that action brought by state was filed on behalf of insurance policyholders, who were real parties in interest who were aggrieved), *abrogated on other grounds, Mississippi ex rel Hood v. AU Optronics Corp.*, 571 U.S. 161 (2014); *West Virginia*

*ex rel McGraw v. Comcast Corp.*, 705 F. Supp. 2d 441, 451–52 (E.D. Pa. 2010) (holding that West Virginia was not acting in *parens patriae* capacity when the real parties in interest were individual consumers).

13. Tellingly, in *Ramada Inns, Inc. v. Rosemount Memorial Park Association,* the United States Court of Appeals for the Third Circuit found the state of New Jersey not to be the real party in interest in a contract dispute between two private parties. As here, the core of the case was an allegation of breach of contract, and (again as here), because the state was not a party to the contract, and because any issues which affected the state were separate and completely distinct from the contract dispute, the state was deemed not to be the real party in interest. *See Ramada Inns, Inc. v. Rosemount Mem'l Park Ass'n*, 598 F.2d 1303, 1306 (3d Cir. 1979) (holding that the state could not be considered a real party in interest in a contract dispute between two private parties).

14. Likewise, here, looking to the essential nature and effect of the Complaint, the Commonwealth has brought a breach-of-contract action seeking to enforce an Asset Purchase Agreement to which it is not a party. Following Third Circuit precedent, the Commonwealth is not the real party in interest to a contract dispute involving private parties, and regarding the services provided at a hospital system located **only** in Delaware County, Pennsylvania. *See generally* Compl. ¶¶ 1–119.

15. The real party in interest is the actual counterparty to the Asset Purchase Agreement: the foundation (now called the Foundation for Delaware County) specified in the Asset Purchase Agreement (¶ 6.13) as the successor entity to the seller. *Id*. (successor entity to be the "Crozer-Keystone Community Foundation" (later renamed)). Endowed with tens of millions of dollars via the Asset Purchase Agreement, the Foundation for Delaware County is a

4

Pennsylvania citizen located at 200 East State Street, Suite 304, Media, Delaware County, Pennsylvania 19063.

### B. The Defendants are Not Citizens of Pennsylvania

16. ~~11.~~ Defendant Prospect Medical Holdings, Inc. is a Delaware Corporation with its principal place of business located in California. ~~Id~~Compl. ¶ 4. Therefore, it is a citizen of Delaware and California for diversity purposes.

17. ~~12.~~ Defendant Prospect Crozer, LLC is a Pennsylvania liability company with its principal place of business in Pennsylvania. ~~Compl~~Id. ¶ 5.

18. ~~13.~~ However, the state of organization and the principal place of business of a limited liability company and other unincorporated associations "are legally irrelevant" for determining their citizenship. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *Carden v. Arkoma Associates*, 494 U.S. 185, 192 (1990)).

19. ~~14.~~ Instead, the citizenship of an unincorporated association is determined by the citizenship of its members. *Id*.

20. ~~15.~~ Defendant Prospect Crozer, LLC has one member, Prospect Penn, LLC.

   (a) Prospect Penn, LLC has one member, Prospect Medical Holdings, Inc.

   (b) Again, Prospect Medical Holdings, Inc. is citizen of Delaware and California.

21. ~~16.~~ Therefore, Prospect Crozer, LLC is a citizen of Delaware and California.

22. ~~17.~~ Upon information and belief, Defendant Samuel Lee resides in and is a citizen of California.

23. ~~18.~~ Upon information and belief, Defendant David Topper resides in and is a citizen of California.

24. ~~19.~~ Upon information and belief, no member of Defendant Leonard Green & Partners is a citizen of Pennsylvania.

25. ~~20.~~ Therefore, none of the Defendants are Pennsylvania citizens.

26. ~~21.~~ Accordingly, complete diversity exists between the parties.

**C.** ~~**B.**~~ **The Amount in Controversy Alleged Exceeds $75,000**

27. ~~22.~~ Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states.

28. ~~23.~~ Although Prospect Defendants deny any and all liability, the Complaint's alleged damages include requiring Prospect Defendants to fund certain ongoing operating costs for a major hospital system, along with requiring Co-Defendants to pay back "dividends received to be used proportionally by Pennsylvania, Connecticut, Rhode Island, and California to fund health care initiatives . . . " (*see* Compl.'s Prayer for Relief), which Plaintiff alleges amounts to "at least $90 million[.]" *See* Compl. ¶ 26.

29. ~~24.~~ Additionally, Plaintiff seeks damages related to its costs of investigation and attorneys' fees incurred in this matter. *See* Compl.'s Prayer for Relief.

30. ~~25.~~ Accordingly, if liability is imposed and damages are awarded in this case (which the Prospect Defendants contest), the damages Plaintiff will seek will exceed $75,000.

**IV.** **VENUE**

31. ~~26.~~ Venue lies in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1441, 1446(a).

32. ~~27.~~ This action originally was brought in the Delaware County Court of Common Pleas, which is located in this District.

33. ~~28.~~ Therefore, it is properly removed to this District.

## V. NOTICE OF REMOVAL TO STATE COURT AND TO PLAINTIFF

34. ~~29.~~ This Notice of Removal will be promptly served on Plaintiff and filed with the clerk of the Delaware County Court of Common Pleas, as required under 28 U.S.C. § 1446(d).

## VI. PRAYER FOR REMOVAL

35. ~~30.~~ **WHEREFORE**, the Prospect Defendants pray that this civil action be removed from the Delaware County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania.

Dated: November 27, 2024                **DUANE MORRIS LLP**

                                         By: */s/ Luke P. McLoughlin*
                                                Luke P. McLoughlin
                                                Alan C. Kessler
                                                Lauren Pugh

                                                *Counsel for Defendants Prospect Medical*
                                                *Holdings, Inc. and Prospect Crozer, LLC*

# CERTIFICATE OF SERVICE

I, Luke P. McLoughlin, hereby certify that a true and correct copy of the *Prospect Defendants' Amended Notice of Removal* was served ~~on this date~~ via ~~U.S. First Class Mail and e-mail,~~ the Court's electronic case filing system upon all parties of record ~~and Plaintiff's~~ through their counsel~~:~~.

~~MICHELLE A. HENRY~~
~~ATTORNEY GENERAL~~
~~1600 Arch Street Suite 300~~
~~Philadelphia, PA 19103~~


/s/ *Luke P. McLoughlin*
Luke P. McLoughlin


Dated: November 27, 2024

1

| Summary report: Litera Compare for Word 11.9.1.1 Document comparison done on 11/27/2024 2:25:36 PM ||
|---|---|
| **Style name:** DM - Double Underline Strikethrough ||
| **Intelligent Table Comparison:** Active ||
| **Original DMS:** iw://mywork.duanemorris.com/DM1/15860996/3 ||
| **Modified DMS:** iw://mywork.duanemorris.com/DM1/15931768/3 ||
| **Changes:** ||
| Add | 65 |
| Delete | 51 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 116 |

## CERTIFICATE OF SERVICE

I, Luke P. McLoughlin, hereby certify that a true and correct copy of the *Prospect Defendants' Amended Notice of Removal* was served via the Court's electronic case filing system upon all parties of record through their counsel.

/s/ *Luke P. McLoughlin*
Luke P. McLoughlin

Dated: November 27, 2024