# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **COMMONWEALTH OF PENNSYLVANIA,** | : | **Civil Action No. 2:24-cv-05853-JM** |
| **BY ATTORNEY GENERAL,** | : | |
| **MICHELLE HENRY,** | : | |
| | : | |
| **Plaintiff,** | : | **Honorable John F. Murphy** |
| **v.** | : | |
| | : | |
| **PROSPECT MEDICAL HOLDINGS, INC.,** | : | |
| **PROSPECT CROZER, LLC,** | : | **Electronically Filed** |
| **LEONARD GREEN AND PARTNERS,** | : | |
| **SAMUEL LEE, INDIVIDUALLY, and** | : | |
| **DAVID TOPPER, INDIVIDUALLY,** | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

AND NOW, this _____ day of _____, upon consideration of Plaintiff's Motion for Remand, for Expedited Ruling, and for an Award of Fees and Costs, it is hereby ORDERED and DECREED that said Amended Motion is GRANTED and this case is hereby remanded back to the Delaware County Court of Common Pleas.

It is further ORDERED that Defendants are to pay the fees and costs that the Commonwealth's counsel incurred in the preparation and presentation of this motion.

_____
Murphy, U.S.D.J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | Civil Action No. 2:24-cv-05853-JM |
| BY ATTORNEY GENERAL, | : | |
| MICHELLE HENRY, | : | |
| | : | |
| Plaintiff, | : | Honorable John F. Murphy |
| v. | : | |
| | : | |
| PROSPECT MEDICAL HOLDINGS, INC., | : | |
| PROSPECT CROZER, LLC, | : | Electronically Filed |
| LEONARD GREEN AND PARTNERS, | : | |
| SAMUEL LEE, INDIVIDUALLY, and | : | |
| DAVID TOPPER, INDIVIDUALLY, | : | |
| | : | |
| Defendants. | : | |

## COMMONWEALTH'S AMENDED MOTION TO REMAND

JAMES A. DONAHUE, III
PA ID NO. 42624
FIRST DEPUTY ATTORNEY GENERAL
OFFICE OF ATTORNEY GENERAL
1600 Arch Street Suite 300
Philadelphia, PA 19103
Telephone: (215) 560-2402

GENE J. HERNE
Chief Deputy Attorney General
Attorney ID NO. 82033

ROSALIND M. KARLIN
Senior Deputy Attorney General
Attorney ID NO. 308417

PAMELA S. FINGERHUT
Senior Deputy Attorney General
Attorney ID NO. 84079

ATTORNEYS FOR PLAINTIFF

## COMMONWEALTH'S AMENDED MOTION TO REMAND

Pursuant to 28 U.S.C. § 1447(c), the Commonwealth of Pennsylvania, acting as *parens patriae* through its Attorney General, Michelle A. Henry, ("Commonwealth"), respectfully requests that the court remand this case to Delaware County Common Pleas Court and for an award of its counsels' fees and costs in bringing this motion for the reason that there is no basis for federal jurisdiction over this litigation. Defendants Prospect Medical Holdings, Inc. and Prospect Crozer, LLC ("Prospect") have wrongly removed this case, which asserts solely state law claims, to federal court on the basis of diversity jurisdiction. There is no diversity jurisdiction, because under established law the Commonwealth is not a citizen of any state for purposes of 28 U.S.C. §1332(a), and is the real party-in-interest, as set forth more fully in the Amended Memorandum of Law in Support of this Motion to Remand filed simultaneously.

### Pertinent Facts and Procedural History

1.    On October 28, 2024, the Commonwealth filed a Complaint, Motion for An Order Appointing Receiver, and Motion for Preliminary Injunction against Prospect Medical Holdings, Inc., Prospect Crozer, LLC, Samuel Lee, David Topper, and Leonard Green and Partners ("Defendants") in the Court of Common Pleas of Delaware County.

2.    Complaint alleges violations that are rooted in both state statutes and common law.

3.    Commonwealth alleges the following counts against defendants: Count I. Violations of the Breach of Contract by Violating the 2016 Asset Purchase Agreement, Count II. Unjust Enrichment, Count III. Negligent Misrepresentation, Count IV. Constructive Trust, Count V. Breach of Fiduciary Duty, and Count VI. Revocation of Corporate Franchise and Appointment of Receiver of Prospect Crozer.   In addition, in Count VII., the Commonwealth requests that Defendants provide funding to support the transition to nonprofit successor.

4.    Along with the Complaint, the Commonwealth simultaneously filed a Motion for Order Appointing a Receiver and Motion for Preliminary Injunction against Prospect Medical Holdings, Inc., Prospect Crozer, LLC, Samuel Lee, David Topper, and Leonard Green and Partners.

5.    On October 31, 2024, Prospect filed a Notice of Removal asserting diversity jurisdiction.

6.    On November 4, 2024, the Delaware County Common Pleas Judge Eckel issued an Order requiring service be made to the parties by or before November 8, 2024, with which the Commonwealth has completed.

7.    The Commonwealth and Prospect have made the Delaware County Common Pleas Court aware of Prospect's Notice of Removal.

8.    On November 15, 2024, the Commonwealth filed its Motion To Remand and Memorandum of Law in Support of the Commonwealth's Motion to Remand.

9.    On November 27, 2024, Prospect filed its Amended Motion to Remand.

10.    In Prospect's Amended Motion to Remand, Prospect alleges that the real party-in-interest is the Foundation for Delaware County ("Foundation"). Mot. to Rem. ¶ 15.

11.    The contention that a non-party, the Foundation, is the real party in interest is meritless.

## **Grounds for Remand**

12.    Removal from state to federal court under 28 U.S.C. § 1441 is to be "strictly construed against removal and all doubts should be resolved in favor of remand." *See Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)).

13.    There is no merit to Defendants' contentions that this case can be removed to Federal Court on grounds of diversity of citizenship because the Commonwealth is not a citizen of Pennsylvania.

14.    It is well-settled law that a state is not a citizen of any state for purposes of diversity jurisdiction under 28 U.S.C. § 1332 and § 1441(a). *See Glenmede Trust Co. v. Dow Chem. Co.*, 384 F. Supp. 423, 429 (E.D. Pa. 1974).

15.    It is equally well-settled law that an Attorney General's citizenship is not considered for diversity purposes when he or she seeks to enforce a state law claim on behalf of the state. *See Harvey v. Blockbuster, Inc.* 384 F. Supp. 2d 749, 755 (D.N.J. 2005) (*quoting Aldens, Inc. v. Packel,* 524 F.2d 38, 52 (3d Cir.1975)).

16.    An established line of court decisions has held that state Attorneys General are real parties in interest when protecting the public and seeking injunctive relief for its citizens. *See Commonwealth v. Harbour Portfolio Capital, LLC,* No. CV 18-989, 2018 WL 5994985 at *1 (W.D. Pa. Nov. 15, 2018); *Washington v. CLA Estate Servs., Inc.,* 2018 WL 2057903 (W.D.

Wash. May 3, 2018); *Connecticut v. Moody's Corp.*, 664 F. Supp. 2d 196 (D. Conn. 2009); *New York ex rel. Abrams v. GM Corp.*, 547 F. Supp. 703 (S.D.N.Y. 1982).

17.    The Commonwealth is the real party-in-interest in enforcement actions brought by the Attorney General to protect the public's safety, health, and welfare.

18.    Prospect claims that complete diversity of citizens exists because the Foundation is the real party-in-interest, however, the Foundation is neither a party nor a beneficiary of the Commonwealth's action against the Defendants.

19.    Moreover, the Foundation does not have authority to assert the sovereign claims of the Commonwealth.

20.    The Commonwealth's original and amended complaint do not allege, directly or indirectly, that the Defendants violated any federal laws, nor do the Commonwealth's claims arise under federal law or raise a federal question within the meaning of 28 U.S.C. § 1331.

### Request for Attorneys' Fees and Costs

21.    Given the well-settled and established law as set forth above, the Prospect Defendants have known, or should have known, that no diversity of citizenship or federal question exists to support the removal of this case.

22.    Nevertheless, the Prospect Defendants' improvident removal has caused the Commonwealth to expend unwarranted attorneys' fees and costs in defending against this meritless attempt by the Prospect Defendants.

## **Prayer for Relief**

WHEREFORE, for the reasons set forth herein and such other reasons as set forth in the accompanying memorandum of law, the Commonwealth respectfully requests that this Honorable Court enter an order:

(a)    Remanding this case to the Delaware County Court of Common Pleas;

(b)    Awarding the Commonwealth its attorneys' fees and costs; and

(c)    Granting such other relief this Court deems appropriate.

Respectfully submitted,

**COMMONWEALTH OF PENNSYLVANIA OFFICE OF THE ATTORNEY GENERAL**

**MICHELLE A. HENRY**

December 10,, 2024

By:    /s/ James A. Donahue, III
JAMES A. DONAHUE, III
PA ID NO. 42624
FIRST DEPUTY ATTORNEY GENERAL
OFFICE OF ATTORNEY GENERAL
1600 Arch Street Suite 300
Philadelphia, PA 19103
Telephone: (215) 560-2402

- 5 -

GENE J. HERNE
Chief Deputy Attorney General
Attorney ID NO. 82033

ROSALIND M. KARLIN
Senior Deputy Attorney General
Attorney ID NO. 308417

PAMELA S. FINGERHUT
Senior Deputy Attorney General
Attorney ID NO. 84079

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | Civil Action No. 2:24-cv-05853-JM |
| BY ATTORNEY GENERAL, | : | |
| MICHELLE HENRY, | : | |
| | : | |
| Plaintiff, | : | Honorable John F. Murphy |
| | : | |
| PROSPECT MEDICAL HOLDINGS, INC., | : | |
| PROSPECT CROZER, LLC, | : | Electronically Filed |
| LEONARD GREEN AND PARTNERS, | : | |
| SAMUEL LEE, INDIVIDUALLY, and | : | |
| DAVID TOPPER, INDIVIDUALLY, | : | |
| | : | |
| Defendants. | : | |

**AMENDED MEMORANDUM OF LAW IN SUPPORT OF THE COMMONWEALTH'S
AMENDED MOTION TO REMAND**

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 1

II.   FACTUAL BACKGROUND ............................................................................... 1

III.  ARGUMENT ...................................................................................................... 2

    **A.    There is No Basis for Removal of This Case on the Grounds of Diversity of Citizenship or Federal Question Jurisdiction**........................................................ 3

        a.    No Diversity Exists Because the Commonwealth is Not a Citizen of Any State. .... 4

        b.    The Commonwealth is the Real Party-in-interest in Enforcement Actions Brought by the Attorney General .................................................................................... 5

        c.    Attorney General's Authority to Protect the Public from Harm.....................12

    **B.    Request for Attorneys' Fees and Costs**...................................................................14

IV.   CONCLUSION ................................................................................................. 14

# TABLE OF AUTHORITIES

## Cases

*Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26 (3d Cir. 1985) ................................................ 3

*Aldens, Inc. v. Packel*, 524 F.2d 38, 52 (3d Cir.1975)...............................................5

*Alabama ex rel. Galanos v. Star Serv. & Petrol. Co.*, 616 F. Supp. 429 (S.D. Ala. 1985)..........7

*Am. Express Centurion Bank v. Crowson*, No. CV 10-7005, 2011 WL 13227721 (E.D. Pa. Feb.

    17, 2011)...................................................................................................4,5

*Boyer v. Snap–On Tools Corp.*, 913 F.2d 108 (3d Cir. 1990) ..................................................... 3,4

*Burch v. Snider,* 461 F. Supp. 598 (D. Md. 1978) ........................................................................ 5

*California v. Universal Syndications, Inc.*, No. C 09–1186 JF (PVT), 2009 WL 1689651 (N.D.

    Cal. June 16, 2009) ................................................................................................. 8

*Connecticut v. Moody's Corp.*, 664 F. Supp. 2d 196 (D. Conn. 2009) .......................................... 8

*Florida v. Exxon Mobil Corp.*, 2010 WL 11579390 (N.D. Fla. Apr. 16, 2010)............................ 8

*Glenmede Trust Co. v. Dow Chem. Co.*, 384 F. Supp. 423 (E.D. Pa. 1974) ................................. 5

*Harvey v. Blockbuster, Inc.* 384 F. Supp. 2d 749 (D.N.J. 2005) .................................................... 5

*Hood v. AstraZeneca Pharmas, LP,* 744 F. Supp. 2d 590 (N.D. Miss. 2010)................................ 8

*Illinois v. LiveDeal, Inc.*, No. 08–3287, 2009 WL 383434 (C.D. Ill. Feb. 12, 2009).................... 8

*Illinois v. SDS West Corp.*, 640 F. Supp. 2d 1047 (C.D. Ill. 2009)................................7,8

In *Re: Avandia Marketing, Sales Practices and Product Liability Litigation*, 283 F. Supp.

    3d. 723 (E.D. Pa. 2017)..................................................................9,10.11

*In re Briscoe*, 448 F.3d 201 (3d Cir. 2006).................................................................4,5

*In re Estate of Feinstein*, 364 Pa.Super  (1987) .......................................................................... 13

*In re Estate of Pruner*, 390 Pa. 529  (1957)................................................................................ 13

*In re Standard & Poor's Rating Agency Litigation*, 23 F. Supp. 3d 378 (S.D.N.Y. 2014) ............ 8

*Kentucky ex rel. Stumbo v. Marathon Petrol. Co.*, No. 3:07–CV–00030–KKC, 2007 WL
     2900461 (E.D. Ky. Oct. 3, 2007)........................................................................6,7

*Krasner, et al., v. Attorney General, et al.*, 309 A.3d 265 (Cmwlth. Ct. 2024).....................12

*Louisian ex rel.James D. Caldwell v. Allstate Insurance Co.*,536 F. 3d 418(5th. Cir. 2008)
     ...............................................................................................................9,10,11

*Mints v. Educational Testing Service, 99 F. 3rd 1253* (1996)..........................................14

*Mississippi ex. rel. Hood v. AU Optronics Corp.*, 571 U.S. 161 (2014).........................5,9

*Missouri ex rel. Webster v. Best Buy*, 715 F. Supp. 1455 (E.D. Mo. 1989) .................................. 9

*Navarro Sav. Assn. v. Lee*, 446 U.S. 458 (1980) ......................................................... 5

*New York ex rel. Abrams v. GM Corp.*, 547 F. Supp. 703 (S.D.N.Y. 1982) .................................. 9

*Nuclear Eng'g Co. v. Scott*, 660 F.2d 241 (7th Cir. 1981) ............................................. 9

*Pennsylvania v. Harbour Portfolio Capital, LLC*, No. CV 18-989, 2018 WL 5994985 (W.D. Pa.
     Nov. 15, 2018) ......................................................................................... 6

*Postal Tel. Cable Co. v. Alabama,* 155 U.S. 482 (1894).............................................. 5

*Ramada Inns, Inc. v. Rosemount Mem'l Park Ass'n*, 598 F.2d 1303 (3d Cir. 1979)...........6,9,10

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).......................................... 4

*Shrader v. Legg Mason Wood Walker*, 880 F. Supp. 366 (1995)........................................14

*Steel Valley Auth. v. Union Switch and Signal Div.*, 880 F Supp. 366 1006 (3d Cir. 1987) .......... 3

*Township v. Whitehall Township*, 966 F. Supp. 385 (E.D. Pa. 1997)................................14

*Washington v. CLA Estate Servs. Inc.*, 2018 WL 2057903 (W.D. Wash. May 3, 2018)............... 6

*West Virginia ex rel. McGraw v. Comcast Corp.*, 705 F. Supp. 2d 441 (E.D. Pa. 2010).....9,10,11

*Wisconsin v. Abbott Labs., Inc.*, 341 F. Supp. 2d 1057 (W.D. Wis. 2004)..........................8,9

**Statutes**

28 U.S.C. § 1331 .................................................................................................................. 15

28 U.S.C. § 1332 ...................................................................................................................5

28 U.S.C. § 1332(a) ............................................................................................... 1, 2, 3,5, 15

28 U.S.C. § 1441 ................................................................................................................... 3

28 U.S.C. § 1441(a) ...............................................................................................................5

28 U.S.C. § 1441(b) .............................................................................................................. 3

28 U.S.C. § 1446 ................................................................................................................... 3

28 U.S.C. § 1447(c) ........................................................................................................... 1,5

15 PA §C.S. 5547 ...............................................................................................................13

15 PA §C.S. 5976 ............................................................................................................12,13

71 PA §C.S. 732-101 ..........................................................................................................12

71 PA §C.S. 732-204(c) ......................................................................................................12

## I.    INTRODUCTION

Pursuant to 28 U.S.C. § 1447(c), the Commonwealth of Pennsylvania, acting as *parens patriae* through its Attorney General, Michelle A. Henry, ("Commonwealth"), respectfully requests that the court remand this case to the Delaware County Court of Common Pleas and for an award of its counsels' fees and costs in bringing this motion for remand. Defendants, Prospect Medical Holdings, Inc. and Prospect Crozer LLC, have wrongly removed this case, which asserts solely state law claims, to federal court on the basis of diversity jurisdiction. There is no diversity jurisdiction, because under clearly established law the Commonwealth is not a citizen of any state for purposes of 28 U.S.C. §1332(a), and is the real party-in-interest, as set forth below. Accordingly, the Commonwealth is seeking reimbursement of its attorneys' fees and costs in opposing the removal.

## II.    FACTUAL BACKGROUND

On October 28, 2024, the Commonwealth filed a Complaint, Motion for An Order Appointing Receiver, and Motion for Preliminary Injunction against Prospect Medical Holdings ("Holdings"), Inc., Prospect Crozer LLC ("Prospect Crozer"), collectively referred to as "Prospect" ) LLC, Samuel Lee ("Lee"), David Topper ("Topper"), and Leonard Green and Partners ("Partners") in the Court of Common Pleas of Delaware County.

The Complaint alleges violations that are rooted in both common law and state statutes and includes the following counts against defendants: Count I. Violations of the breach of contract by violating the 2016 Asset Purchase Agreement, Count II. Unjust Enrichment, Count III. Negligent Misrepresentation, Count IV. Constructive Trust, Count V. Breach of Fiduciary Duty, and Count VI. Revocation of Corporate Franchise and Appointment of Receiver of

Prospect Crozer. In addition, in Count VII, the Commonwealth requests that Defendants provide funding to support the transition to one or more nonprofit successors. *See* Complaint ¶¶ 70-119, pp. 14-21.

Prospect defendants are Holdings, a for-profit Delaware corporation with its principal place of business in California and Prospect Crozer, a for-profit Pennsylvania company, whose principal place of business is Pennsylvania (collectively, "Prospect Defendants"). Upon information and belief, co-defendants Samuel Lee, David Topper and Leonard Green and Partners are citizens of California.

On October 31, 2024, Prospect defendants filed a Notice of Removal asserting diversity jurisdiction as the sole ground supporting removal. On November 11, 2024, Partners filed its Consent to the Notice of Removal. On November 15, 2024, the Commonwealth filed its Motion to Remand and Memorandum of Law in Support of the Commonwealth's Motion to Remand. On November 27, 2024, Prospect filed its Amended Motion to Remand attempting to bolster its diversity claim, alleging that the real party-in-interest is the Foundation for Delaware County ("Foundation") and not the Commonwealth. Mot.to Rem. ¶ 15. On November 26, 2024, Lee and Topper joined the Removal Action. On December 4, 2024, Leonard Green and Partners, L.P. filed its Consent to Prospect's Amended Notice of Removal.

## III.    ARGUMENT

Contrary to the additional arguments of Defendants, this court continues to lacks subject matter jurisdiction. First, with respect to diversity jurisdiction, it is established law that a state is not a citizen of any state for purposes of establishing diversity jurisdiction under 28 U.S.C. §

2

1332(a) and § 1441(b) – here the Commonwealth is the real party-in-interest – and no federal

question exists. Prospect's Amended Notice of Removal is a veiled attempt to create diversity

where it does not exist and constitutes a "red herring." The Commonwealth seeks no relief

against the Foundation, and in representing the public-at-large the Commonwealth's interests are

distinct and far broader than those of the Foundation which cannot represent any interests beyond

its own.

**A.     There is No Basis for Removal of This Case on the Ground of Diversity of Citizenship**

Removal from state to federal court under 28 U.S.C. § 1441 is to be "strictly construed

against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v.*

*Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (citing *Abels v. State Farm*

*Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)). A removing party who urges jurisdiction on a

federal court bears the burden of proving that jurisdiction exists. *Id.* In *Steel Valley*, the

defendants successfully removed their case to federal court based upon diversity of jurisdiction.

*Id.* at 1009. Steel Valley filed an emergency motion to remand to state court arguing that one of

the defendants should be joined as an indispensable party, which would destroy diversity of

citizenship. *Id.* The District Court ruled against Steel Valley and Steel Valley then appealed to

the Third Circuit Court of Appeals. *Id.* at 1010. The Third Circuit Court found that the party was

indispensable; thus diversity of jurisdiction did not exist and remanded the matter to state court.

*Id.* at 1015.

As this Court has written, "The defendant bears the burden of proving that the procedural

requirements of § 1446 have been satisfied. *See Boyer v. Snap–On Tools Corp.*, 913 F.2d 108,

111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed. 2d 1046 (1991). It has

long been held that the procedural requirements of the removal statute must be strictly adhered to

in 'due regard for the rightful independence of state governments' from whose courts removal is sought. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) (quotation omitted)." *Am. Express Centurion Bank v. Crowson*, No. CV 10-7005, 2011 WL 13227721, at *1 (E.D. Pa. Feb. 17, 2011).

In *Boyer*, defendants removed its case from state court to the United States District Court for the Middle District of Pennsylvania on the basis of diversity of jurisdiction. *Id.* Plaintiffs, Pennsylvania citizens, moved to remand under 28 U.S.C. §1447 (c) based on the joinder of defendants who were also citizens of the same state as the plaintiffs. *Id.* The District Court found that defendants were fraudulently joined and issued summary judgment. Plaintiff appealed to the Third Circuit Court of Appeals. *Id.* The Third Circuit Court of Appeal found that the District Court improperly held that nondiverse defendants were fraudulently joined and that the case must be remanded to state court to make such a determination. *Id.*

In the instant case, Prospect is unable to satisfy the strictly construed legal standard for removal based on diversity of jurisdiction, which mandates that this matter be remanded to state court where a determination about the underlying state claims can be adjudicated.

a. **No Diversity Exists Because the Commonwealth is Not a Citizen of Any State.**

Defendants' Notice of Removal in the instant case is fatally flawed because the Commonwealth is not a citizen of Pennsylvania. When removal is predicated upon diversity of citizenship, "a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties, that is, **every plaintiff must be of diverse state citizenship from every defendant**." *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006)(emphasis added). "[T]he federal district court must remand the case if it

4

appears that there is no subject matter jurisdiction. 28 U.S.C. § 1447(c)." *Am. Express Centurion Bank*, 2011 WL 13227721, at *1.

A state is not a citizen of any state for purposes of diversity jurisdiction under 28 U.S.C. § 1332 and § 1441(a). *Glenmede Trust Co. v. Dow Chem. Co.*, 384 F. Supp. 423, 429 (E.D. Pa. 1974); *Postal Tel. Cable Co. v. Alabama,* 155 U.S. 482, 487 (1894). If a party named in a suit actually represents the state in that action and the state is the real party-in-interest, there can be no removal on the basis of diversity jurisdiction. *Glenmede,* 384 F. Supp at 431.

An Attorney General or other official is considered to be a state's alter ego.  The official's citizenship is not considered "for diversity purposes[,] when he seeks to enforce a state law claim on behalf of the state." *Harvey v. Blockbuster, Inc.* 384 F. Supp. 2d 749, 755 (D.N.J. 2005) (*quoting Aldens, Inc. v. Packel*, 524 F.2d 38, 52 (3d Cir.1975)). *See Burch v. Snider*, 461 F. Supp. 598, 601-02 (D. Md. 1978) (dismissing claim brought by Maryland Attorney General for lack of § 1332 jurisdiction). *See also Glenmede* 384 F. Supp. at 431 (action involving charitable trust remanded where Pennsylvania Attorney General is a defendant).

### b. The Commonwealth is the Real Party-in-Interest in Enforcement Actions Brought by the Attorney General.

Notwithstanding that the Commonwealth as named plaintiff is not a citizen of any state for purposes of 28 U.S.C. § 1332(a), in certain contexts courts have been required to look behind the pleadings to ensure that parties are not improperly creating or destroying diversity jurisdiction. And in cases involving a State or state official, the inquiry is made "into the real party-in-interest because a State's presence as a party will destroy complete diversity." *Mississippi ex. rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 174 (2014). In determining whether diversity jurisdiction exists, a court must also look to the citizenship of the real party-in-interest, if different from the named party. *Navarro Sav. Assn. v. Lee*, 446 U.S. 458, 460 (1980).

To determine the identity of the real party-in-interest, a court must examine and determine the "essential nature and effect" of the proceeding. *Ramada Inns, Inc. v. Rosemount Mem'l Park Ass'n*, 598 F.2d 1303, 1306 (3d Cir. 1979).

An established line of decisions holds that State Attorney Generals are the real parties in interest when enforcing laws to protect the public and seeking injunctive relief for its state's citizens. See *Pennsylvania v. Harbour Portfolio Capital, LLC*, No. CV 18-989, 2018 WL 5994985, at \*4 (W.D. Pa. Nov. 15, 2018) (finding the Commonwealth of Pennsylvania is a real party-in-interest in consumer protection lawsuits because the Commonwealth has a genuine quasi-sovereign interest in enforcing consumer protection laws). There is "widespread legal support" for the Commonwealth's position that the instant suit to enforce its interest in an "honest marketplace" and the "economic welfare of its citizenry" bestows real party-in-interest status on it, whether or not one element of the relief sought would benefit a specific set of consumers. *Washington v. CLA Estate Servs. Inc.*, 2018 WL 2057903 at \*1 (W.D. Wash. May 3, 2018). In this case, the State of Washington sued CLE Estate Services, Inc., and Mitchell Reed Johnson in King County Superior Court, alleging violations of the Washington Consumer Protection Act and the Washington Estate Distribution Documents Act. Defendants removed the case to federal court, alleging that individual citizens of the State of Washington who were harmed by defendants' actions were the real parties in interest. The federal court remanded to state court, noting that the position that a state cannot claim real party-in-interest status when it sues for broad prospective relief and also for restitution for a limited set of consumers "has been rejected by the majority of courts." *Id.* at \*1.

There are many analogous examples where courts have similarly remanded. In *Kentucky ex rel. Stumbo v. Marathon Petrol. Co.*, the Kentucky Attorney General filed a state-court

complaint against three oil companies, alleging they had violated the state's price-gouging law by selling gasoline at "grossly excessive" prices during a declared emergency. *Kentucky ex rel. Stumbo v. Marathon Petrol. Co.* No. 3:07–CV–00030–KKC, 2007 WL 2900461 at *1 (E.D. Ky. Oct. 3, 2007). The Attorney General sought civil penalties, an injunction, and restitution for the injured customers. *Id.* at *1, *5. The defendants removed the case to federal court based on diversity, arguing that the customers—rather than the state—were the real parties in interest. The court disagreed and remanded, noting that declaratory relief, an injunction, and civil penalties would benefit all Kentucky consumers and that restitution was only one aspect of the requested relief. *Id.* at *2–5.

Similarly, in *Alabama ex rel. Galanos v. Star Serv. & Petrol. Co.*, 616 F. Supp. 429 (S.D. Ala. 1985), a county prosecutor sued several oil companies under Alabama's Motor Fuel Marketing Act. The action was brought to prevent "price wars," that occur when competitors repeatedly cut prices to gain business. The prosecutor sought civil penalties and an injunction. The companies removed the case to federal court based on diversity. But the court remanded the action, concluding that the case was brought to protect Alabama's fuel market and that the state was the real party-in-interest. *Id.* at 430–31. The court so held even though retailers stood to benefit from the lawsuit: "Whether other parties will benefit from this action does not affect the state's valid interest in enforcing this statutory scheme." *Id.* at 431.

In *Illinois v. SDS West Corp.*, 640 F. Supp. 2d 1047 (C.D. Ill. 2009), the Illinois Attorney General brought an enforcement action against several companies, alleging that they had made false and misleading statements in connection with provision of debt-settlement services. The Attorney General sought an injunction, civil penalties, restitution, and rescission for injured consumers. The defendants removed the case based on diversity. *Id.* at 1049. The court

determined that Illinois had a "substantial stake" in the outcome and that the Attorney General was the real party-in-interest even though it sought restitution on behalf of injured consumers. The court acknowledged that some of the requested relief—restitution and rescission—would benefit the defrauded consumers rather than the public at large. However, viewing the case as a whole, the court held that Illinois was the real party plaintiff and remanded. *Id.* at 1052.

A multitude of comparable cases have reached the same result. *See Florida v. Exxon Mobil Corp.*, 2010 WL 11579390 (N.D. Fla. Apr. 16, 2010) (finding the State of Florida is the real party plaintiff in a case involving allegations of violation of anti-price gouging laws, even where one element of recovery sought is restitution for damaged consumers); *In re Standard & Poor's Rating Agency Litigation*, 23 F. Supp. 3d 378, 406 (S.D.N.Y. 2014) (noting that "[A]s the overwhelming weight of authority makes clear, the fact that individual Mississippi consumers could ultimately benefit financially from a favorable resolution of this case does not minimize or negate the State's substantial interest.") (citing *Hood v. AstraZeneca Pharmas, LP*, 744 F. Supp. 2d 590, 596 (N.D. Miss. 2010)); *Connecticut v. Moody's Corp.*, 664 F. Supp. 2d 196 (D. Conn. 2009) (rejecting Defendants' argument that the state was not the real party plaintiff in a case brought under the state's consumer-protection act to recover civil penalties and restitution); *California v. Universal Syndications, Inc.*, No. C 09-1186 JF (PVT), 2009 WL 1689651 (N.D. Cal. June 16, 2009) (deeming California the real party plaintiff in a case brought to recover civil penalties, injunctive relief, and restitution for false advertising); *Illinois v. LiveDeal, Inc.*, No. 08–3287, 2009 WL 383434, at *3 (C.D. Ill. Feb. 12, 2009) (finding that Illinois is the real party-in-interest when, in addition to injunctive relief and civil fines, it also seeks restitution for individual citizens); *Wisconsin v. Abbott Labs., Inc.*, 341 F. Supp. 2d 1057, 1063 (W.D. Wis. 2004) (viewing the complaint as a whole, the court found that Wisconsin was the real party-in-

8

interest in a case brought against drug companies for inflating the wholesale prices of their drugs, noting that the fact that plaintiff sought restitution for private parties as one element of damages "does not minimize or negate the plaintiff's substantial interest"); *Missouri ex rel. Webster v. Best Buy*, 715 F. Supp. 1455 (E.D. Mo. 1989) (deeming Missouri the real party plaintiff in an action brought to recover civil penalties, restitution, and injunctive relief for violations of the state's Merchandising Practices Act); *New York ex rel. Abrams v. GM Corp.*, 547 F. Supp. 703 (S.D.N.Y. 1982) (deeming New York the real party-in-interest in a case brought to recover restitution and injunctive relief for consumer protection act violations associated with automatic transmission defects); and *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981) (remanding a suit by the Illinois Attorney General to state court and rejecting the theory that diversity existed because the Attorney General was himself the real party-in-interest because he allegedly commenced the action outside the scope of his lawful authority).

In its Amended Motion for Removal, Prospect cites to several cases to support its contention that the Commonwealth is not the real party-in-interest. See *Ramada, 598 F. 2d 1303, 1306* ; *Louisiana ex rel. James D. Caldwell v. Allstate Insurance Co.*, 536 F. 3d 418 (5th. Cir. 2008), abrogated on other grounds, *Mississippi ex rel. Hood v. AU Optronics* Corp., 571 U.S. 161 (2014); *West Virginia ex rel. McGraw v. Comcast Corp.*, 705 F. Supp. 2d 441 (E.D. Pa. 2010), abrogated on other grounds, *441 Mississippi v. Hood*, 571 U.S. 161 (2014); In *Re: Avandia Marketing, Sales Practices and Product Liability Litigation*, 283 F. Supp. 3d 723 (E.D. Pa. 2017).   Prospect alleges that diversity of citizenship exists when a private party or a subset of the Commonwealth is the real party-in-interest. *Amended Notice of Removal* ¶ 12, 13.   None of those cases, however, provide the persuasive legal authority mandated to support Prospect's contention that the Commonwealth is not the real party-in-interest.

9

*Ramada* involved a New Jersey contract dispute about the sale of a specific parcel of land between two private parties, one a New Jersey cemetery and the other a Delaware hotel corporation. See *Ramada, 598 F. 2d at 1304.* At the time that the matter was initiated, a NJ statute required that the Attorney General and the state cemetery board become necessary and indispensable parties when litigation involving a cemetery operating within the state occurred. *Id.* at 1304. In Ramada, the Court determined that the substance of this matter involved a finite claim about the cancellation of a contract between two private parties. *Id.* Neither the Attorney General nor the cemetery board were the parties that initiated the lawsuit. *Id.* at 1305. Based upon New Jersey law, the AG and the cemetery board were later joined only to comply with the New Jersey statute. *Id.* Further, the "state had no direct interest in the outcome of the litigation." *Id.* at 1307. The Court considered that the Attorney General and the cemetery board were merely nominal parties in this action. *Id.* at 1306.

Both the *Louisiana, ex rel. James D. Caldwell v. Allstate Insurance Co.,* and *West Virginia ex rel. McGraw v. Comcast Corp.*, involved two different states' attorney generals, suing on behalf of individual claimants against private corporations. In the *Louisiana, ex rel. James D. Caldwell v. Allstate Insurance Co.*, the individual policyholders sued Allstate Insurance Company through its Attorney General in an effort to be awarded monetary damages pursuant to the Class Action Fairness Act ("CAFA"). *See Louisiana, ex rel. James D. Caldwell v. Allstate Insurance Co.*, et al., 536 F. 3d 418. In *West Virginia ex rel McGraw v. Comcast Corp.*, Comcast Corporation required its individual subscribers to rent its cable boxes only through Comcast. The Attorney General initiated an action against Comcast based on its violations of state antitrust and consumer protection law. *Id.* Similar to the *Allstate* matter cited

10

above, this action involved individual consumers and the federal legal requirements necessary to satisfy the CAFA. *Id*. at 452.

The Court determined that the real parties-in-interest were the individual consumers and not the states' attorney generals in both *Allstate* and *Comcast*. Although the Attorney Generals had standing through its *parens patriae* powers to initiate the lawsuits on behalf of the consumers, the true parties-in-interest were the specific private individuals. At the time, the Court correctly held that the real parties-in-interest were the individuals and not the states that were merely acting on behalf of the private citizens. See *Louisiana, ex rel. James D. Caldwell v. Allstate Insurance Co*. and *West Virginia ex rel. McGraw v. Comcast Corp.*

Prospect also cites to *In Re: Avandia Marketing, Sales Practices and Product Liability Litigation*. In 2010, the County of Santa Clara ("County"), California, filed suit in federal court to seek relief individually and for its citizens against GlaxoSmithKline Corporation for violations of its state's false advertising laws. *Id.* at 725. In 2012, California's Attorney General entered into a stipulated settlement to settle claims for its citizens, from which the County was excluded. *Id.* at 726. In 2015, the County filed to remove the action to state court. *Id* at 726. The Court, however, held that the County, not the State, was the true party-in-interest and a citizen for purposes of diversity. *Id.* at 732.

Prospect is unable to cite to any cases that have holdings that would bring doubt to the Commonwealth being the true party-in-interest in this proceeding. In this matter, the Commonwealth does not represent the Foundation and the Foundation is not a party to this matter. Our pleading is a separate matter from the legal disputes between the Foundation and Prospect. The Commonwealth did not bring this action with or against the Foundation or against Prospect to benefit a single and distinct entity. On the contrary, the Commonwealth's action

11

seeks to protect the public-at-large and ensure that critical healthcare services are preserved. It is in that capacity that the Commonwealth is the sole plaintiff bringing this action and is not just a nominal party.

### c.  Attorney General's Authority to Protect the Public from Harm

The Commonwealth has the duty to enforce the terms of the 2016 Asset Purchase Agreement ("APA"). Prospect failed to honor its commitments under this agreement by breaching its contractual obligations. Therefore, Prospect has failed to fully redeem the charitable interest inherent in the acquired charitable healthcare system leaving a balance owed to the public. As such, the Commonwealth, on behalf of the public, is the real party-in-interest as the cited authorities below make clear.

Both the Commonwealth Attorney's Act ("Act'), 71 Pa. C.S. § 732-101 et seq. and the Attorney General's role as *parens patriae* provide the framework for broad supervisory authority over all property committed to charitable purposes. Section 732-204 (c) of the Act provides that "[t]he Attorney General shall represent the Commonwealth and all Commonwealth Agencies and may intervene in any other action including those involving charitable bequests and trusts...." *See Krasner, et al., v. Attorney General, et al.,* 309 A.3d 265 (Cmwlth. Ct. 2024), holding that, "[t]his section unambiguously gives the [Attorney General] the authority to represent . . . the Commonwealth in *any* civil litigation (emphasis in original)(citation omitted). *Id.* at 275. *Krasner* involved the Philadelphia and Allegheny Counties' district attorneys who unsuccessfully challenged the authority of the Attorney General to settle and extinguish the district attorneys' claims against distributors and manufacturers of opioids.

Pursuant to Section 5976 of the Nonprofit Corporation Law, 15 Pa. C.S. § 5976, it is unlawful to sell property committed to charitable purposes if the sale will divert assets from the

purposes to which the property was originally committed without an Order approving the sale pursuant to 15 Pa. C.S. § 5547. The June 28, 2016 Order granting the sale of CKHS to Prospect found that the sale would not result in a diversion of charitable assets based upon its commitments and representations made to the Commonwealth, the Delaware County Court of Common Pleas, and the public. *See* Complaint ¶ 72, p. 15. Prospect's violations of the APA, however, breached its commitments to the public and failed to extinguish the charitable interest in the former health care system, resulting in the unlawful diversion of property committed to charitable purposes. Therefore, the Commonwealth seeks injunctive relief and the appointment of a receiver to prevent Prospect from further harming the public.

Pennsylvania's case law makes it clear that the public-at-large is the ultimate beneficiary of all charitable assets and that the Attorney General is charged with representing the public's interest when acting as *parens patriae*.[2] *See* In re Estate of Pruner, 390 Pa. 529,532, 136 A. 2d 107, 109 (1957) ("The responsibility for public supervision [of charitable trusts] traditionally has been delegated to the attorney general to be performed as an exercise of his *parens patriae* powers."); In re Estate of Feinstein, 364 Pa. Super. 221, 225 n.3, 527 A. 2d 1034, 1036 n. 3 (1987) ("The Attorney General represents a broader interest than that of the charity alone. He must protect the interest of the public at large to whom the social and economic benefits of charitable trusts accrue.").

Beyond Prospect's failure to honor its commitments, the Commonwealth also has the ability to preserve the public's access to healthcare. Pursuant to its *parens patriae* powers, the Commonwealth has standing to pursue actions that protect the public, including but not limited

---

[2] *Parens patriae* literal definition is "parent of his or her country." A doctrine by which a government has standing to prosecute a lawsuit on behalf of a citizen...." Black's Law Dictionary, 12th Edition, 2024. (citations omitted).

to, the availability of healthcare services.  The Commonwealth also has a distinct responsibility

to oversee and bring enforcement actions against parties who attempt to limit the public's ability

to access healthcare.

**B.    Request for Attorneys' Fees and Costs**

This Court may award fees pursuant to 28 U.S.C. § 1447 (c ) upon an order of remand.  An

award is appropriate when the attempt at removal is unsuccessful.  *See* Shrader v. Legg Mason

Wood Walker Inc. 880 F. Supp. 366, 368 (E.D. Pa. 1995), or "where the lack of jurisdiction is

plain in the law and would have been revealed to counsel for defendants with a minimum of

research." Township of Whitehall v. Allentown Auto Auction, 966 F. Supp. 385 (E.D. Pa.

1997), *See also* Mints v. Educational Testing Service, 99 F.3rd. 1253, 1260 (3d Cir. 1996) (the

District court has broad discretion and flexibility in deciding whether to require the party that

removed a case to federal court and was subsequently remanded to state court to pay attorney's

fees) .  In the above cited cases, the Court awarded attorney fees to each of the parties that

successfully remanded the case to state court.  Here, Prospect raises diversity of jurisdiction even

though it is well settled law, as described above, that the Attorney General's Office is not a

citizen.  A basic search would have revealed that the Federal Circuit Courts have long held that

the Attorney General is not a citizen for purposes of diversity jurisdiction.  Thus, the Court

should award fees and costs to the Commonwealth.

**IV.    CONCLUSION**

The Attorney General is a sole plaintiff acting in a *parens patriae* capacity, and is not

participating in litigation alongside private parties, law firms, entities, or individuals.  This is

14

certainly not a case where the Commonwealth is added as a party for the purpose of destroying

diversity jurisdiction. The Commonwealth of Pennsylvania is not a citizen of any state and is the

real party-in-interest in the instant case. The Commonwealth's complaint does not allege,

directly or indirectly, that the Defendants violated any federal laws, nor do the Commonwealth's

claims against Defendants arise under federal law or raise a federal question within the meaning

of 28 U.S.C. § 1331, which would confer original federal court jurisdiction over this matter.

The allegations against the Defendants are strictly rooted in common law and state statutes.

Thus, diversity of citizenship as defined under 28 U.S.C. § 1332(a) does not exist.   Therefore the

case must be remanded.


Respectfully submitted,

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL

MICHELLE HENRY
ATTORNEY GENERAL

By:    /s/ James A. Donahue, III
       James A. Donahue, III
       First Deputy Attorney General
       Attorney for Plaintiff
       PA ID No. 42624
       Office of Attorney General
       1600 Arch Street, 3rd Floor
       Philadelphia, PA 19103
       (215) 560-2402


       Gene J. Herne
       Chief Deputy Attorney General
       Attorney ID NO. 82033

Rosalind M. Karlin
Senior Deputy Attorney General
Attorney ID NO. 308417


Pamela S. Fingerhut
Senior Deputy Attorney General
Attorney ID NO. 84079

December 10, 2024                    ATTORNEYS FOR PLAINTIFF

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, ~~JMP~~ BY ATTORNEY GENERAL, MICHELLE HENRY, | : : : : | Civil Action No. 2:24-cv-05853- |
| Plaintiff, ~~Padova~~ | : | Honorable John ~~F.~~ Murphy~~R.~~ |
| v. | : : | |
| PROSPECT MEDICAL HOLDINGS, INC., PROSPECT CROZER, LLC, LEONARD GREEN AND PARTNERS, SAMUEL LEE, INDIVIDUALLY, and DAVID TOPPER, INDIVIDUALLY, | : : : : : : | Electronically Filed |
| Defendants. | : | |

## ORDER

AND NOW, this _____ day of _____, upon consideration of Plaintiff's Motion for Remand, for Expedited Ruling, and for an Award of Fees and Costs, it is hereby ORDERED and DECREED that said Amended Motion is GRANTED and this case is hereby remanded back to the Delaware County Court of Common Pleas.

It is further ORDERED that Defendants are to pay the fees and costs that the Commonwealth's counsel incurred in the preparation and presentation of this motion.

_____
Murphy~~Padova~~, U.S.D.J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,      :      *Civil Action No.* 2:24-cv-05853-
JMP
BY ATTORNEY GENERAL,               :
MICHELLE HENRY,                    :
                                   :
                    Plaintiff,     :      Honorable John F. MurphyR.
                    Padova
v.                                 :
                                   :
PROSPECT MEDICAL HOLDINGS, INC.,   :
PROSPECT CROZER, LLC,              :      Electronically Filed
LEONARD GREEN AND PARTNERS,        :
SAMUEL LEE, INDIVIDUALLY, and      :
DAVID TOPPER, INDIVIDUALLY,        :
                                   :
                    Defendants.    :

## COMMONWEALTH'S AMENDED MOTION TO REMAND

Formatted: Indent: Left: 1.5", First line: 0.5"

JAMES A. DONAHUE, III
PA ID NO. 42624
FIRST DEPUTY ATTORNEY GENERAL
OFFICE OF ATTORNEY GENERAL
1600 Arch Street Suite 300
Philadelphia, PA 19103
Telephone: (215) 560-2402

GENE J. HERNE
Chief Deputy Attorney General
Attorney ID NO. 82033

ROSALIND M. KARLIN
Senior Deputy Attorney General
Attorney ID NO. 308417

PAMELA S. FINGERHUT
Senior Deputy Attorney General
Attorney ID NO. 84079

ATTORNEYS FOR PLAINTIFF

## COMMONWEALTH'S AMENDED MOTION TO REMAND

Pursuant to 28 U.S.C. § 1447(c), the Commonwealth of Pennsylvania, acting as *parens patriae* through its Attorney General, Michelle A. Henry, ("Commonwealth"), respectfully requests that the court remand this case to Delaware County Common Pleas Court and for an award of its counsels' fees and costs in bringing this motion for the reason that there is no basis for federal jurisdiction over this litigation. Defendants Prospect Medical Holdings, Inc. and Prospect Crozer, LLC ("Prospect") have wrongly removed this case, which asserts solely state law claims, to federal court on the basis of diversity jurisdiction. There is no diversity jurisdiction, because under established law the Commonwealth is not a citizen of any state for purposes of 28 U.S.C. §1332(a), and is the real party-in-interest, as set forth more fully in the Amended Memorandum of Law in Support of this Motion to Remand filed simultaneously.

### Pertinent Facts and Procedural History

1.      On October 28, 2024, the Commonwealth filed a Complaint, Motion for An Order Appointing Receiver, and Motion for Preliminary Injunction against Prospect Medical Holdings, Inc., Prospect Crozer, LLC, Samuel Lee, David Topper, and Leonard Green and Partners ("Defendants") in the Court of Common Pleas of Delaware County.

2.      Complaint alleges violations that are rooted in both state statutes and common law.

3.      Commonwealth alleges the following counts against defendants: Count I. Violations of the Breach of Contract by Violating the 2016 Asset Purchase Agreement, Count II. Unjust Enrichment, Count III. Negligent Misrepresentation, Count IV. Constructive Trust, Count V. Breach of Fiduciary Duty, and Count VI. Revocation of Corporate Franchise and Appointment of Receiver of Prospect Crozer.  In addition, in Count VII., the Commonwealth requests that Defendants provide funding to support the transition to nonprofit successor.

4.      Along with the Complaint, the Commonwealth simultaneously filed a Motion for Order Appointing a Receiver and Motion for Preliminary Injunction against Prospect Medical Holdings, Inc., Prospect Crozer, LLC, Samuel Lee, David Topper, and Leonard Green and Partners.

5.      On October 31, 2024, Prospect filed a Notice of Removal asserting diversity jurisdiction.

6.      On November 4, 2024, the Delaware County Common Pleas Judge Eckel issued an Order requiring service be made to the parties by or before November 8, 2024, with which the Commonwealth has completed.

7.      The Commonwealth and Prospect have made the Delaware County Common Pleas Court aware of Prospect's Notice of Removal.

8.      On November 15, 2024, the Commonwealth filed its Motion To Remand and Memorandum of Law in Support of the Commonwealth's Motion to Remand.

9.      On November 27, 2024, Prospect filed its Amended Motion to Remand.

10.      In Prospect's Amended Motion to Remand, Prospect alleges that the real party-in-interest is the Foundation for Delaware County ("Foundation"). Mot. to Rem. ¶ 15.

- 2 -

7.11.  The contention that a non-party, the Foundation, is the real party in interest is

meritless.

Formatted: Font: (Default) Times New Roman, 12 pt, Bold, Underline

### Grounds for Remand

8.12.  Removal from state to federal court under 28 U.S.C. § 1441 is to be "strictly

construed against removal and all doubts should be resolved in favor of remand." *See Steel*

*Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (citing *Abels*

*v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)).

9.13.  There is no merit to Defendants' contentions that this case can be removed to

Federal Court on grounds of diversity of citizenship because the Commonwealth is not a citizen

of Pennsylvania.

10.14.  It is well-settled law that a state is not a citizen of any state for purposes of

diversity jurisdiction under 28 U.S.C. § 1332 and § 1441(a). *See Glenmede Trust Co. v. Dow*

*Chem. Co.*, 384 F. Supp. 423, 429 (E.D. Pa. 1974).

11.15.  It is equally well-settled law that an Attorney General's citizenship is not

considered for diversity purposes when he or she seeks to enforce a state law claim on behalf of

the state. *See Harvey v. Blockbuster, Inc.* 384 F. Supp. 2d 749, 755 (D.N.J. 2005) (*quoting*

*Aldens, Inc. v. Packel,* 524 F.2d 38, 52 (3d Cir.1975)).

12.16.  An established line of court decisions has held that state Attorneys General are

real parties in interest when protecting the public and seeking injunctive relief for its citizens. *See*

*Commonwealth v. Harbour Portfolio Capital, LLC,* No. CV 18-989, 2018 WL 5994985 at *1

(W.D. Pa. Nov. 15, 2018); *Washington v. CLA Estate Servs., Inc.,* 2018 WL 2057903 (W.D.

Wash. May 3, 2018); *Connecticut v. Moody's Corp.*, 664 F. Supp. 2d 196 (D. Conn. 2009); *New York ex rel. Abrams v. GM Corp.*, 547 F. Supp. 703 (S.D.N.Y. 1982).

17.    The Commonwealth is the real party-in-interest in enforcement actions brought by the Attorney General to protect the public's safety, health, and welfare. (Cite)

> **Formatted:** Font color: Custom Color(RGB(33,33,33))

18.    Prospect claims that complete diversity of citizens exists because the Foundation is the real party-in-interest, however, the Foundation is neither a party nor a beneficiary of the Commonwealth's action against the Defendants.

13.19.  Moreover, the Foundation does not haves authority to assert the sovereign claims of the Commonwealth.

14.20.  The Commonwealth's original and amended complaint do not allege, directly or indirectly, that the Defendants violated any federal laws, nor do the Commonwealth's claims arise under federal law or raise a federal question within the meaning of 28 U.S.C. § 1331.

### Request for Attorneys' Fees and Costs

15.21.  Given the well-settled and established law as set forth above, the Prospect Defendants have known, or should have known, that no diversity of citizenship or federal question exists to support the removal of this case.

22.    Nevertheless, the Prospect Defendants' improvident removal has caused the Commonwealth to expend unwarranted attorneys' fees and costs in defending against this meritless attempt by the Prospect Defendants.

> **Formatted:** Normal, No bullets or numbering

16.

- 4 -

**Prayer for Relief**

WHEREFORE, for the reasons set forth herein and such other reasons as set forth in the accompanying memorandum of law, the Commonwealth respectfully requests that this Honorable Court enter an order:

(a)     Remanding this case to the Delaware County Court of Common Pleas;

(b)     Awarding the Commonwealth its attorneys' fees and costs; and

(c)     Granting such other relief this Court deems appropriate.

Respectfully submitted,

**COMMONWEALTH OF PENNSYLVANIA OFFICE OF THE ATTORNEY GENERAL**

**MICHELLE A. HENRY**

December 10, ~~November 15,~~ 2024

By:   /s/ James A. Donahue, III
JAMES A. DONAHUE, III
PA ID NO. 42624
FIRST DEPUTY ATTORNEY GENERAL
OFFICE OF ATTORNEY GENERAL
1600 Arch Street Suite 300
Philadelphia, PA 19103
Telephone: (215) 560-2402

Formatted: Indent: Left: 3.25", First line: 0.25"

GENE J. HERNE
Chief Deputy Attorney General
Attorney ID NO. 82033

ROSALIND M. KARLIN
Senior Deputy Attorney General
Attorney ID NO. 308417

PAMELA S. FINGERHUT
Senior Deputy Attorney General
Attorney ID NO. 84079

ATTORNEYS FOR PLAINTIFF

Style Definition: TOA Heading: Font: Bold

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, JMP | : | Civil Action No. 2:24-cv-05853- |
| BY ATTORNEY GENERAL, | : | |
| MICHELLE HENRY, | : | |
| | : | |
| Plaintiff, | : | Honorable John F. Murphy~~R.~~ |
| Padova | | |
| | : | |
| PROSPECT MEDICAL HOLDINGS, INC., | : | |
| PROSPECT CROZER, LLC, | : | Electronically Filed |
| LEONARD GREEN AND PARTNERS, | : | |
| SAMUEL LEE, INDIVIDUALLY, and | : | |
| DAVID TOPPER, INDIVIDUALLY, | : | |
| | : | |
| Defendants. | : | |

Formatted: Strikethrough

AMENDED MEMORANDUM OF LAW IN SUPPORT OF THE COMMONWEALTH'S
AMENDED MOTION TO REMAND

Formatted: Font color: Red

Formatted: Font color: Red

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................ 1

II.  FACTUAL BACKGROUND ............................................................................... 1

III. ARGUMENT ................................................................................................... 332

    **A.  There is No Basis for Removal of This Case on the Grounds of Diversity of**
    **Citizenship or Federal Question Jurisdiction.................................................. 333**

        a.   No Diversity Exists Because the Commonwealth is Not a Citizen of Any State. 544

        b.   The Commonwealth is the Real Party-in-interest in Enforcement Actions Brought
            by the Attorney General ......................................................................... 655

        c.   Attorney General's Authority to Protect the Public from

            Harm......................912

    **B.  Request for Attorneys' Fees and Costs......................................................11**
    **14**

IV.  CONCLUSION ......................................................................................... 171514

**TABLE OF AUTHORITIES**

**Cases**

*Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26 (3d Cir. 1985) .......................................... 2,3

*Aldens, Inc. v. Packel*, 524 F.2d 38, 52 (3d Cir.1975)................................................... 5

*Alabama ex rel. Galanos v. Star Serv. & Petrol. Co.*, 616 F. Supp. 429 (S.D. Ala. 1985).......... 7

*Am. Express Centurion Bank v. Crowson*, No. CV 10-7005, 2011 WL 13227721 (E.D. Pa. Feb.
    17, 2011)................................................................................................

    ..............................................................................3,4,5

*Boyer v. Snap–On Tools Corp.*, 913 F.2d 108 (3d Cir. 1990) ...................................... 3,4

*Burch v. Snider*, 461 F. Supp. 598 (D. Md. 1978) ...................................................... 5

*California v. Universal Syndications, Inc.*, No. C 09–1186 JF (PVT), 2009 WL 1689651 (N.D.
    Cal. June 16, 2009) ...................................................................................... 8

*Connecticut v. Moody's Corp.*, 664 F. Supp. 2d 196 (D. Conn. 2009) ........................................ 8

*Florida v. Exxon Mobil Corp.*, 2010 WL 11579390 (N.D. Fla. Apr. 16, 2010)........................ 8,7

*Glenmede Trust Co. v. Dow Chem. Co.*, 384 F. Supp. 423 (E.D. Pa. 1974) ............................. 4,5

*Harvey v. Blockbuster, Inc.* 384 F. Supp. 2d 749 (D.N.J. 2005) ...................................... 4,5

*Hood v. AstraZeneca Pharmas, LP*, 744 F. Supp. 2d 590 (N.D. Miss. 2010)............................ 8

*Illinois v. LiveDeal, Inc.*, No. 08–3287, 2009 WL 383434 (C.D. Ill. Feb. 12, 2009).................. 8

*Illinois v. SDS West Corp.*, 640 F. Supp. 2d 1047 (C.D. Ill. 2009)................................7,8

*In Re: Avandia Marketing, Sales Practices and Product Liability Litigation*, 283 F. Supp.
    3d. 723 (E.D. Pa. 2017)..............................................................9,10,11

*In re Briscoe*, 448 F.3d 201 (3d Cir. 2006)..........................................4,5

*In re Estate of Feinstein*, 364 Pa.Super (1987) ...................................................... 10,13

Formatted: Normal, Tab stops: Not at 6.49"

Formatted: Font: Not Italic, Check spelling and grammar

*In re Estate of Pruner*, 390 Pa. 529  (1957)..................................................................... 1,30

*In re Standard & Poor's Rating Agency Litigation*, 23 F. Supp. 3d 378 (S.D.N.Y. 2014) ......... 7,8

*Kentucky ex rel. Stumbo v. Marathon Petrol. Co.*, No. 3:07–CV–00030–KKC, 2007 WL

    2900461 (E.D. Ky. Oct. 3, 2007).............................................................................6,7

    .......................................................................................................................... 6

*Krasner, et al., v. Attorney General, et al.*, 309 A.3d 265 (Cmwlth. Ct.
2024).......................12,...9

<u>*Louisian ex rel.James D. Caldwell v. Allstate Insurance Co.*,536 F. 3d 418(5th. Cir. 2008)</u>
...................................................................................................................9,10,11

*Mints v. Educational Testing Service, 99 F. 3rd 1253*
(1996).......................................14,1

*Mississippi ex. rel. Hood v. AU Optronics Corp.*, 571 U.S. 161 (2014)..........................5,9

*Missouri ex rel. Webster v. Best Buy*, 715 F. Supp. 1455 (E.D. Mo. 1989) ................................. 9,8

*Navarro Sav. Assn. v. Lee*, 446 U.S. 458 (1980) ........................................................ 5

*New York ex rel. Abrams v. GM Corp.*, 547 F. Supp. 703 (S.D.N.Y. 1982) ................................ 9,8

*Nuclear Eng'g Co. v. Scott*, 660 F.2d 241 (7th Cir. 1981) ......................................................... 8,9

*Pennsylvania v. Harbour Portfolio Capital, LLC*, No. CV 18-989, 2018 WL 5994985 (W.D. Pa.

    Nov. 15, 2018) ............................................................................................................. 6,5

*Postal Tel. Cable Co. v. Alabama*, 155 U.S. 482 (1894)................................................ 5,4

*Ramada Inns, Inc. v. Rosemount Mem'l Park Ass'n*, 598 F.2d 1303 (3d Cir. 1979).............9)

    .................................................................................................. 6,9,10,5

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)........................................................ 4,3

*Shrader v. Legg Mason Wood Walker*, 880 F. Supp. 366
(1995).....................................14,1

*Steel Valley Auth. v. Union Switch and Signal Div.*, 880 F Supp. 366 1006 (3d Cir. 1987) ....... 2,3

*Township v. Whitehall Township*, 966 F. Supp. 385 (E.D. Pa.

   1997)................................14

*Washington v. CLA Estate Servs. Inc.*, 2018 WL 2057903 (W.D. Wash. May 3, 2018)................ 6

*West Virginia ex rel. McGraw v. Comcast Corp.*, 705 F. Supp. 2d 441 (E.D. Pa. 2010)....9,10,11

*Wisconsin v. Abbott Labs., Inc.*, 341 F. Supp. 2d 1057 (W.D. Wis. 2004).........................8,9

   .....................................................................8

> Formatted: Check spelling and grammar

> Formatted: Normal, Tab stops: Not at 6.49"

**Statutes**

28 U.S.C. § 1331........................................................................15

28 U.S.C. §
1332.......................................................................5

28 U.S.C. § 1332(a) ............................................. 1, 2, 3,5, 5,152

28 U.S.C. § 1441 ........................................................................2

28 U.S.C. §

   1441(a)..................................................................5

28 U.S.C. § 1441(b) ..................................................................3

28 U.S.C. § 1446................................................................. 3

28 U.S.C. § 1447(c) ............................................................ 1,54

15 PA §C.S.

   5547.........................................................139

15 PA §C.S.

   5976..................................................12,13,9

71 PA §C.S. 732-

101..............................................................................–129

71 PA §C.S. 732-
204(c).......................................................................12;9

Formatted: Font: Not Bold

Formatted: Font: Not Bold

I.    **INTRODUCTION**

Formatted: Different first page header

Pursuant to 28 U.S.C. § 1447(c), the Commonwealth of Pennsylvania, acting as *parens patriae* through its Attorney General, Michelle A. Henry, ("Commonwealth"), respectfully requests that the court remand this case to the Delaware County Court of Common Pleas and for an award of its counsels' fees and costs in bringing this motion for remand. Defendants, Prospect Medical Holdings, Inc. and Prospect Crozer LLC, have wrongly removed this case, which asserts solely state law claims, to federal court on the basis of diversity jurisdiction. There is no diversity jurisdiction, because under clearly established law the Commonwealth is not a citizen of any state for purposes of 28 U.S.C. §1332(a), and is the real party-in-interest, as set forth below. Accordingly, the Commonwealth is seeking reimbursement of its attorneys' fees and costs in opposing the removal.

II.    **FACTUAL BACKGROUND**

On October 28, 2024, the Commonwealth filed a Complaint, Motion for An Order Appointing Receiver, and Motion for Preliminary Injunction against Prospect Medical Holdings ("Holdings"), Inc., Prospect Crozer LLC ("Prospect Crozer"), collectively referred to as "Prospect" ) LLC, Samuel Lee ("Lee"), David Topper ("Topper"), and Leonard Green and Partners ("Partners") in the Court of Common Pleas of Delaware County.

The Complaint alleges violations that are rooted in both common law and state statutes and includes the following counts against defendants: Count I. Violations of the breach of contract by violating the 2016 Asset Purchase Agreement, Count II. Unjust Enrichment, Count III. Negligent Misrepresentation, Count IV. Constructive Trust, Count V. Breach of Fiduciary Duty, and Count VI. Revocation of Corporate Franchise and Appointment of Receiver of

Prospect Crozer. –In addition, in Count VII, the Commonwealth requests that Defendants provide funding to support the transition to one or more nonprofit successors. *See* Complaint ¶¶ 70-119, pp. 14-21.

Prospect defendants are Holdings, a for-profit Delaware corporation with its principal place of business in California and Prospect Crozer, a for-profit Pennsylvania company, whose principal place of business is Pennsylvania (collectively, "Prospect Defendants"). Upon information and belief, co-defendants Samuel Lee, David Topper and Leonard Green and Partners are citizens of California.

On October 31, 2024, Prospect defendants filed a Notice of Removal asserting diversity jurisdiction as the sole ground supporting removal. On November 11, 2024, Partners filed its Consent to the Notice of Removal. On November 15, 2024, the Commonwealth filed its Motion to Remand and Memorandum of Law in Support of the Commonwealth's Motion to Remand. On November 27, 2024, Prospect filed its Amended Motion to Remand attempting to bolster its diversity claim, alleging that the real party-in-interest is the Foundation for Delaware County ("Foundation") and not the Commonwealth. Mot.-to Rem. ¶ 15. On November 26, 2024, Lee and Topper joined the Removal Action. On December 4, 2024, Leonard Green and Partners, L.P. filed its Consent to Prospect's Amended Notice of Removal.

> Commented [KRM1]:

> Commented [PMA2]:

> Formatted: Indent: First line:  0"

2

## III.    ARGUMENT

Contrary to the additional arguments of Defendants, this court continues to lacks subject matter jurisdiction. First, with respect to diversity jurisdiction, it is established law that a state is not a citizen of any state for purposes of establishing diversity jurisdiction under 28 U.S.C. §

Formatted: Indent: First line: 0"

1332(a) and § 1441(b) – here the Commonwealth is the real party-in-interest – and no federal question exists. Prospect's Amended Notice of Removal is a veiled attempt to create diversity where it does not exist and constitutes a "red herring." The Commonwealth seeks no relief against the Foundation, and in representing the public-at-large the Commonwealth's interests are distinct and far broader than those of the -Foundation which cannot represent any interests beyond its own.

### A.    There is No Basis for Removal of This Case on the Ground of Diversity of Citizenship

Removal from state to federal court under 28 U.S.C. § 1441 is to be "strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)). A removing party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists. *Id.* In *Steel Valley*, the defendants were successfully initially successful in their attempt to removed their case to federal court based uponon diversity of jurisdiction. *Id.* at 1009. Steel Valley filed an emergency motion to remand to state court arguing that one of the defendants should be joined as an indispensable party, which would destroy diversity of citizenship. *Id.* Plaintiff sought to remand followed by defendant's motion to dismiss. *Id.* The District Court found in the defendant's favor

Formatted: Font: Italic

3

and dismissed the case. ~~Id. The issue in this case involved whether a party was indispensable~~ ~~and if such finding would then defeat diversity of jurisdiction. Id.~~ The District Court ruled ~~that the party was not indispensable~~against Steel Valley and ~~and plaintiff then~~ Steel Valley then appealed to the Third Circuit Court of Appeals. *Id.* at 1010. The Third Circuit Court found that the party was indispensable; thus diversity of jurisdiction did not exist and remanded the matter to state court. *Id.* at 1015.

As this Court has written, "The defendant bears the burden of proving that the procedural requirements of § 1446 have been satisfied. *See Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed. 2d 1046 (1991). It has long been held that the procedural requirements of the removal statute must be strictly adhered to in 'due regard for the rightful independence of state governments' from whose courts removal is sought. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) (quotation omitted)." *Am. Express Centurion Bank v. Crowson*, No. CV 10-7005, 2011 WL 13227721, at *1 (E.D. Pa. Feb. 17, 2011).

In *Boyer*, defendants removed its case from state court to the United States District Court for the Middle District of Pennsylvania on the basis of diversity of jurisdiction. *Id.* Plaintiffs, Pennsylvania citizens, moved to remand under 28 U.S.C. §1447 (e) based on the joinder of defendants who were also citizens of the same state as the plaintiffs. *Id.* The District Court found that defendants were fraudulently joined and issued summary judgment. Plaintiff appealed to the Third Circuit Court of Appeals. *Id.* The Third Circuit Court of Appeal found that the District Court improperly held that nondiverse defendants were fraudulently joined and that the case must be remanded to state court to make such a determination. *Id.*

4

In the instant case, Prospect is unable to satisfy the strictly construed legal standard for removal based on diversity of jurisdiction, which mandates that this matter be remanded to state court where a determination about the underlying state claims can be adjudicated.

a.   **No Diversity Exists Because the Commonwealth is Not a Citizen of Any State.**

Defendants' Notice of Removal in the instant case is fatally flawed because the Commonwealth is not a citizen of Pennsylvania. When removal is predicated upon diversity of citizenship, "a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties, that is, **every plaintiff must be of diverse state citizenship from every defendant**." *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006)(emphasis added). "[T]he federal district court must remand the case if it appears that there is no subject matter jurisdiction. 28 U.S.C. § 1447(c)." *Am. Express Centurion Bank*, 2011 WL 13227721, at *1.

A state is not a citizen of any state for purposes of diversity jurisdiction under 28 U.S.C. § 1332 and § 1441(a). *Glenmede Trust Co. v. Dow Chem. Co.*, 384 F. Supp. 423, 429 (E.D. Pa. 1974); *Postal Tel. Cable Co. v. Alabama*, 155 U.S. 482, 487 (1894). If a party named in a suit actually represents the state in that action and the state is the real party-in-interest, there can be no removal on the basis of diversity jurisdiction. *Glenmede*, 384 F. Supp at 431.

An Attorney General or other official is considered to be a state's alter ego. The official's citizenship is not considered "for diversity purposes[,] when he seeks to enforce a state law claim on behalf of the state." *Harvey v. Blockbuster, Inc.* 384 F. Supp. 2d 749, 755 (D.N.J. 2005) (*quoting Aldens, Inc. v. Packel*, 524 F.2d 38, 52 (3d Cir.1975)). *See Burch v. Snider*, 461 F. Supp. 598, 601-02 (D. Md. 1978) (dismissing claim brought by Maryland Attorney General

5

for lack of § 1332 jurisdiction). *See also Glenmede* 384 F. Supp. at 431 (action involving

charitable trust remanded where Pennsylvania Attorney General is a defendant).

### b.  The Commonwealth is the Real Party-in-Interest in Enforcement Actions Brought by the Attorney General.

Notwithstanding that the Commonwealth as named plaintiff is not a citizen of any state

for purposes of 28 U.S.C. § 1332(a), in certain contexts courts have been required to look behind

the pleadings to ensure that parties are not improperly creating or destroying diversity

jurisdiction. And in cases involving a State or state official, the inquiry is made "into the real

party-in-interest because a State's presence as a party will destroy complete diversity."

*Mississippi ex. rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 174 (2014). In determining

whether diversity jurisdiction exists, a court must also look to the citizenship of the real party-in-

interest, if different from the named party. *Navarro Sav. Assn. v. Lee*, 446 U.S. 458, 460 (1980).

To determine the identity of the real party-in-interest, a court must examine and determine the

"essential nature and effect" of the proceeding. *Ramada Inns, Inc. v. Rosemount Mem'l Park*

*Ass'n*, 598 F.2d 1303, 1306 (3d Cir. 1979).

An established line of decisions holds that State Attorney Generals are the real parties in

interest when enforcing laws to protect the public and seeking injunctive relief for its state's

citizens.  See *Pennsylvania v. Harbour Portfolio Capital, LLC*, No. CV 18-989, 2018 WL

5994985, at \*4 (W.D. Pa. Nov. 15, 2018) (finding the Commonwealth of Pennsylvania is a real

party-in-interest in consumer protection lawsuits because the Commonwealth has a genuine

quasi-sovereign interest in enforcing consumer protection laws).  There is "widespread legal

support" for the Commonwealth's position that the instant suit to enforce its interest in an

"honest marketplace" and the "economic welfare of its citizenry" bestows real party-in-interest

status on it, whether or not one element of the relief sought would benefit a specific set of

consumers. *Washington v. CLA Estate Servs. Inc.*, 2018 WL 2057903 at *1 (W.D. Wash. May

3, 2018). In this case, the State of Washington sued CLE Estate Services, Inc., and Mitchell Reed

Johnson in King County Superior Court, alleging violations of the Washington Consumer

Protection Act and the Washington Estate Distribution Documents Act. Defendants removed the

case to federal court, alleging that individual citizens of the State of Washington who were

harmed by defendants' actions were the real parties in interest. The federal court remanded to

state court, noting that the position that a state cannot claim real party-in-interest status when it

sues for broad prospective relief and also for restitution for a limited set of consumers "has been

rejected by the majority of courts." *Id.* at *1.

There are many analogous examples where courts have similarly remanded. In *Kentucky*

*ex rel. Stumbo v. Marathon Petrol. Co.*, the Kentucky Attorney General filed a state-court

complaint against three oil companies, alleging they had violated the state's price-gouging law

by selling gasoline at "grossly excessive" prices during a declared emergency. *Kentucky ex rel.*

*Stumbo v. Marathon Petrol. Co.* No. 3:07–CV–00030–KKC, 2007 WL 2900461 at *1 (E.D. Ky.

Oct. 3, 2007). The Attorney General sought civil penalties, an injunction, and restitution for the

injured customers. *Id.* at *1, *5. The defendants removed the case to federal court based on

diversity, arguing that the customers—rather than the state—were the real parties in interest.

The court disagreed and remanded, noting that declaratory relief, an injunction, and civil

penalties would benefit all Kentucky consumers and that restitution was only one aspect of the

requested relief. *Id.* at *2–5.

Similarly, in *Alabama ex rel. Galanos v. Star Serv. & Petrol. Co.*, 616 F. Supp. 429 (S.D.

Ala. 1985), a county prosecutor sued several oil companies under Alabama's Motor Fuel

Marketing Act. The action was brought to prevent "price wars," that occur when competitors

7

repeatedly cut prices to gain business. The prosecutor sought civil penalties and an injunction. The companies removed the case to federal court based on diversity. But the court remanded the action, concluding that the case was brought to protect Alabama's fuel market and that the state was the real party-in-interest. *Id.* at 430–31. The court so held even though retailers stood to benefit from the lawsuit: "Whether other parties will benefit from this action does not affect the state's valid interest in enforcing this statutory scheme." *Id.* at 431.

In *Illinois v. SDS West Corp.*, 640 F. Supp. 2d 1047 (C.D. Ill. 2009), the Illinois Attorney General brought an enforcement action against several companies, alleging that they had made false and misleading statements in connection with provision of debt-settlement services. The Attorney General sought an injunction, civil penalties, restitution, and rescission for injured consumers. The defendants removed the case based on diversity. *Id.* at 1049. The court determined that Illinois had a "substantial stake" in the outcome and that the Attorney General was the real party-in-interest even though it sought restitution on behalf of injured consumers. The court acknowledged that some of the requested relief—restitution and rescission—would benefit the defrauded consumers rather than the public at large. However, viewing the case as a whole, the court held that Illinois was the real party plaintiff and remanded. *Id.* at 1052.

A multitude of comparable cases have reached the same result. *See Florida v. Exxon Mobil Corp.*, 2010 WL 11579390 (N.D. Fla. Apr. 16, 2010) (finding the State of Florida is the real party plaintiff in a case involving allegations of violation of anti-price gouging laws, even where one element of recovery sought is restitution for damaged consumers); *In re Standard & Poor's Rating Agency Litigation*, 23 F. Supp. 3d 378, 406 (S.D.N.Y. 2014) (noting that "[A]s the overwhelming weight of authority makes clear, the fact that individual Mississippi consumers could ultimately benefit financially from a favorable resolution of this case does not minimize or

8

negate the State's substantial interest.") (citing *Hood v. AstraZeneca Pharmas, LP*, 744 F. Supp.

2d 590, 596 (N.D. Miss. 2010)); *Connecticut v. Moody's Corp.*, 664 F. Supp. 2d 196 (D. Conn.

2009) (rejecting Defendants' argument that the state was not the real party plaintiff in a case

brought under the state's consumer-protection act to recover civil penalties and restitution);

*California v. Universal Syndications, Inc.*, No. C 09–1186 JF (PVT), 2009 WL 1689651 (N.D.

Cal. June 16, 2009) (deeming California the real party plaintiff in a case brought to recover civil

penalties, injunctive relief, and restitution for false advertising); *Illinois v. LiveDeal, Inc.*, No.

08–3287, 2009 WL 383434, at *3 (C.D. Ill. Feb. 12, 2009) (finding that Illinois is the real party-

in-interest when, in addition to injunctive relief and civil fines, it also seeks restitution for

individual citizens); *Wisconsin v. Abbott Labs., Inc.*, 341 F. Supp. 2d 1057, 1063 (W.D. Wis.

2004) (viewing the complaint as a whole, the court found that Wisconsin was the real party-in-

interest in a case brought against drug companies for inflating the wholesale prices of their drugs,

noting that the fact that plaintiff sought restitution for private parties as one element of damages

"does not minimize or negate the plaintiff's substantial interest"); *Missouri ex rel. Webster v.

Best Buy*, 715 F. Supp. 1455 (E.D. Mo. 1989) (deeming Missouri the real party plaintiff in an

action brought to recover civil penalties, restitution, and injunctive relief for violations of the

state's Merchandising Practices Act); *New York ex rel. Abrams v. GM Corp.*, 547 F. Supp. 703

(S.D.N.Y. 1982) (deeming New York the real party-in-interest in a case brought to recover

restitution and injunctive relief for consumer protection act violations associated with automatic

transmission defects); and *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981)

(remanding a suit by the Illinois Attorney General to state court and rejecting the theory that

diversity existed because the Attorney General was himself the real party-in-interest because he

allegedly commenced the action outside the scope of his lawful authority).

     In its Amended Motion for Removal, Prospect cites to several cases to support its contention that the Commonwealth is not the real party-in-interest.  See *Ramada, 598 F. 2d 1303, 1306* ; *Louisiana ex rel. James D. Caldwell v. Allstate Insurance Co.*, 536 F. 3d 418 (5th. Cir. 2008), abrogated on other grounds, *Mississippi ex rel. Hood v. AU Optronics* Corp., 571 U.S. 161 (2014); *West Virginia ex rel. McGraw v. Comcast Corp.*, 705 F. Supp. 2d 441 (E.D. Pa. 2010), abrogated on other grounds, *441 Mississippi v. Hood*, 571 U.S. 161 (2014); In *Re: Avandia Marketing, Sales Practices and Product Liability Litigation*, 283 F. Supp. 3d 723 (E.D. Pa. 2017).  Prospect alleges that diversity of citizenship exists when a private party or a subset of the Commonwealth is the real party-in-interest.  *Amended Notice of Removal* ¶ 12, 13.  None of th~~o~~ese cases, however, provide the persuasive legal authority <u>mandated to support</u> ~~to support~~ Prospect's contention that the Commonwealth is not the real party-in-interest.

     *Ramada* involved a New Jersey contract dispute about the sale of a specific parcel of land between two private parties, one a New Jersey cemetery and the other a Delaware hotel corporation.  See *Ramada, 598 F. 2d at 1304.*  At the time that th~~e is~~<u>e</u> matter was initiated, <u>a</u>the NJ statute required that the Attorney General and the state cemetery board become a [1]necessary and indispensable part<u>iesty</u>[2] when~~ever any~~ litigation involving a cemetery operating within the state occurred.  *Id.* at 130<u>4</u>~~5~~.  In <u>Ramada</u>~~this case~~, the Court determined that the substance of this matter involved a finite claim about the cancellation of a contract between two private parties.  *Id.*  Neither the Attorney General nor the cemetery board were the parties that initiated the lawsuit.  *Id.* <u>at 1305.</u> ~~.~~ Based upon New Jersey law, the AG and the cemetery board were later joined only to comply with the New Jersey statute.  *Id.*  Further, the "state had no direct interest in the outcome of the litigation." *Id.* <u>at 1307.</u>  The Court considered that the Attorney General and the cemetery board were merely nominal parties in this action. *Id.* at ~~1305,~~ 1306.

10

Both the *Louisiana, ex rel. James D. Caldwell v. Allstate Insurance Co.,* and *West Virginia ex rel. McGraw v. Comcast Corp.,* involved two different states' attorney generals, suing on behalf of individual claimants against private corporations. In the *Louisiana, ex rel. James D. Caldwell v. Allstate Insurance Co.,* the individual policyholders sued Allstate Insurance Company through its Attorney General in an effort to be awarded monetary damages pursuant to the Class Action Fairness Act ("CAFA"). *See Louisiana, ex rel. James D. Caldwell v. Allstate Insurance Co.,* et al., 536 F. 3d 418. In *West Virginia ex rel McGraw v. Comcast Corp.,* Comcast Corporation required its individual subscribers to rent its cable boxes only through Comcast. The Attorney General initiated an action against Comcast based on its violations of state antitrust and consumer protection law. *Id.* Similar to the *Allstate* matter cited above, this action involved individual consumers and the federal legal requirements necessary to satisfy the CAFA. *Id.* at 452.

The Court determined that the real parties-in-interest were the individual consumers and not the states' attorney generals in both *Allstate* and *Comcast.* Although the Attorney Generals had standing through its *parens patriae* powers to initiate the lawsuits on behalf of the consumers, the true parties-in-interest were the specific private individuals. At the time, the Court correctly held that the real parties-in-interest were the individuals and not the states that were merely acting on behalf of the private citizens. See *Louisiana, ex rel. James D. Caldwell v. Allstate Insurance Co.* and *West Virginia ex rel. McGraw v. Comcast Corp.*

Prospect also cites to *In Re: Avandia Marketing, Sales Practices and Product Liability Litigation.* In 2010, the County of Santa Clara ("County"), California, filed suit in federal court to seek relief individually and for its citizens against GlaxoSmithKline Corporation for violations of its state's false advertising laws. *Id.* at 725. In 2012, California's Attorney General entered

11

into a stipulated settlement to settle claims for its citizens, from which the County was excluded. *Id.* at 726. In 2015, the County filed to remove the action to state court. *Id* at 726. The Court, however, held that the County, not the State, was the true party-in-interest and a citizen for purposes of diversity. *Id.* at 732.

Prospect is unable to cite to any cases that have holdings that would bring doubt to the Commonwealth being the true party-in-interest in this proceeding. In this matter, the Commonwealth does not represent the Foundation and the Foundation is not a party to this matter. Our pleading is a separate matter from the legal disputes between the Foundation and Prospect. The Commonwealth did not bring this action with or against the Foundation or against Prospect to benefit a single and distinct entity. On the contrary, the Commonwealth's action seeks to protect the public-at-large and ensure that critical healthcare services are preserved. It is in that capacity that the Commonwealth is the sole plaintiff bringing this action and is not just a nominal party.

   c. **Attorney General's Authority to Protect the Public from Harm**

~~The Commonwealth has the duty to enforce the terms of the 2016 Asset Purchase Agreement ("APA"). Prospect failed to honor its commitments under this agreement by breaching its contractual obligations. Therefore, Prospect has failed to fully redeem the charitable interest inherent in the acquired charitable healthcare system leaving a balance owed to the public. As such, the Commonwealth, on behalf of the public, is the real-party-in-interest as the cited authorities below make clear.~~

                                  [Formatted: Font color: Red]

12

~~Both the Commonwealth Attorney's Act ("Act"), 71 Pa. C.S. § 732-101 et seq. and the~~ Formatted: Font color: Red, Strikethrough
~~Attorney General's role as *parens patriae* provide the framework for broad supervisory authority~~
~~over all property committed to charitable purposes. Section 732-204 (c) of the Act provides that~~
~~"[t]he Attorney General shall represent the Commonwealth and all Commonwealth Agencies and~~
~~may intervene in any other action including those involving charitable bequests and trusts...."~~
~~*See Krasner, et al., v. Attorney General, et al.,* 309 A.3d 265 (Cmwlth. Ct. 2024), holding that,~~
~~"[t]his section unambiguously gives the [Attorney General] the authority to represent . . . the~~
~~Commonwealth in *any* civil litigation (emphasis in original)(citation omitted). *Id.* at 275.~~
~~*Krasner* involved the Philadelphia and Allegheny Counties' district attorneys who~~
~~unsuccessfully challenged the authority of the Attorney General to settle and extinguish the~~
~~district attorneys' claims against distributors and manufacturers of opioids.~~

~~Pursuant to Section 5976 of the Nonprofit Corporation Law, 15 Pa. C.S. § 5976, it is~~
~~unlawful to sell property committed to charitable purposes if the sale will divert assets from the~~
~~purposes to which the property was originally committed without an Order approving the sale~~
~~pursuant to 15 Pa. C.S. § 5547. The June 28, 2016 Order granting the sale of CKHS to Prospect~~
~~found that the sale would not result in a diversion of charitable assets based upon its~~
~~commitments and representations made to the Commonwealth, the Delaware County Court of~~
~~Common Pleas, and the public. *See* Complaint ¶ 72, p. 15. Prospect's violations of the APA,~~
~~however, breached its commitments to the public and failed to extinguish the charitable interest~~
~~in the former health care system, resulting in the unlawful diversion of property committed to~~
~~charitable purposes. Therefore, the Commonwealth seeks injunctive relief and the appointment~~
~~of a receiver to prevent Prospect from further harming the public.~~

~~Pennsylvania's case law makes it clear that the public-at-large is the ultimate beneficiary of all charitable assets and that the Attorney General is charged with representing the public's interest when acting as *parens patriae*.[1] *See* In re Estate of Pruner, 390 Pa. 529,532, 136 A. 2d 107, 109 (1957) ("The responsibility for public supervision [of charitable trusts] traditionally has been delegated to the attorney general to be performed as an exercise of his *parens patriae* powers."); In re Estate of Feinstein, 364 Pa. Super. 221, 225 n.3, 527 A. 2d 1034, 1036 n. 3 (1987) ("The Attorney General represents a broader interest than that of the charity alone. He must protect the interest of the public at large to whom the social and economic benefits of charitable trusts accrue.").~~

The Commonwealth has the duty to enforce the terms of the 2016 Asset Purchase Agreement ("APA"). Prospect failed to honor its commitments under this agreement by breaching its contractual obligations. Therefore, Prospect has failed to fully redeem the charitable interest inherent in the acquired charitable healthcare system leaving a balance owed to the public. As such, the Commonwealth, on behalf of the public, is the real party-in-interest as the cited authorities below make clear.

Both the Commonwealth Attorney's Act ("Act"), 71 Pa. C.S. § 732-101 et seq. and the Attorney General's role as *parens patriae* provide the framework for broad supervisory authority over all property committed to charitable purposes. Section 732-204 (c) of the Act provides that "[t]he Attorney General shall represent the Commonwealth and all Commonwealth Agencies and

---

[1] *Parens patriae* literal definition is "parent of his or her country." A doctrine by which a government has standing to prosecute a lawsuit on behalf of a citizen...." Black's Law Dictionary, 12th Edition, 2024. (citations omitted).

14

may intervene in any other action including those involving charitable bequests and trusts,…"
*See Krasner, et al., v. Attorney General, et al.,* 309 A.3d 265 (Cmwlth. Ct. 2024), holding that,
"[t]his section unambiguously gives the [Attorney General] the authority to represent . . . the
Commonwealth in *any* civil litigation (emphasis in original)(citation omitted). *Id.* at 275.
*Krasner* involved the Philadelphia and Allegheny Counties' district attorneys who
unsuccessfully challenged the authority of the Attorney General to settle and extinguish the
district attorneys' claims against distributors and manufacturers of opioids.

Pursuant to Section 5976 of the Nonprofit Corporation Law, 15 Pa. C.S. § 5976, it is
unlawful to sell property committed to charitable purposes if the sale will divert assets from the
purposes to which the property was originally committed without an Order approving the sale
pursuant to 15 Pa. C.S. § 5547. The June 28, 2016 Order granting the sale of CKHS to Prospect
found that the sale would not result in a diversion of charitable assets based upon its
commitments and representations made to the Commonwealth, the Delaware County Court of
Common Pleas, and the public. *See* Complaint ¶ 72, p. 15. Prospect's violations of the APA,
however, breached its commitments to the public and failed to extinguish the charitable interest
in the former health care system, resulting in the unlawful diversion of property committed to
charitable purposes. Therefore, the Commonwealth seeks injunctive relief and the appointment
of a receiver to prevent Prospect from further harming the public.

Pennsylvania's case law makes it clear that the public-at-large is the ultimate beneficiary
of all charitable assets and that the Attorney General is charged with representing the public's
interest when acting as *parens patriae*.[2] *See* In re Estate of Pruner, 390 Pa. 529,532, 136 A. 2d

---

[2] *Parens patriae* literal definition is "parent of his or her country." A doctrine by which a
government has standing to prosecute a lawsuit on behalf of a citizen…." Black's Law
Dictionary, 12th Edition, 2024. (citations omitted).

107, 109 (1957) ("The responsibility for public supervision [of charitable trusts] traditionally has been delegated to the attorney general to be performed as an exercise of his *parens patriae* powers."); In re Estate of Feinstein, 364 Pa. Super. 221, 225 n.3, 527 A. 2d 1034, 1036 n. 3 (1987) ("The Attorney General represents a broader interest than that of the charity alone. He must protect the interest of the public at large to whom the social and economic benefits of charitable trusts accrue.").

Beyond Prospect's failure to honor its commitments, the Commonwealth also has the ability to preserve the public's access to healthcare. Pursuant to its *parens patriae* powers, the Commonwealth has standing to pursue actions that protect the public, including but not limited to, the availability of healthcare services. The Commonwealth also has a distinct responsibility to oversee and bring enforcement actions against parties who attempt to limit the public's ability to access healthcare.

**B.    Request for Attorneys' Fees and Costs**

This Court may award fees pursuant to 28 U.S.C. § 1447 (c) upon an order of remand. An award is appropriate when the attempt at removal is unsuccessful. *See* Shrader v. Legg Mason Wood Walker Inc. 880 F. Supp. 366, 368 (E.D. Pa. 1995), or "where the lack of jurisdiction is plain in the law and would have been revealed to counsel for defendants with a minimum of research." Township of Whitehall v. Allentown Auto Auction, 966 F. Supp. 385 (E.D. Pa. 1997), *See also* Mints v. Educational Testing Service, 99 F.3rd. 1253, 1260 (3d Cir. 1996) (the District court has broad discretion and flexibility in deciding whether to require the party that removed a case to federal court and was subsequently remanded to state court to pay attorney's fees) . In the above cited cases, the Court awarded attorney fees to each of the parties that successfully remanded the case to state court. Here, Prospect raises diversity of jurisdiction even

16

though it is well settled law, as described above, that the Attorney General's Office is not a citizen. A basic search would have revealed that the Federal Circuit Courts have long held that the Attorney General is not a citizen for purposes of diversity jurisdiction. Thus, the Court should award fees and costs to the Commonwealth.

IV.    **CONCLUSION**

      The Attorney General is a sole plaintiff acting in a *parens patriae* capacity, and is not participating in litigation alongside private parties, law firms, entities, or individuals. This is certainly not a case where the Commonwealth is added as a party for the purpose of destroying diversity jurisdiction. The Commonwealth of Pennsylvania is not a citizen of any state and is the real party-in-interest in the instant case. The Commonwealth's complaint does not allege, directly or indirectly, that the Defendants violated any federal laws, nor do the Commonwealth's claims against Defendants arise under federal law or raise a federal question within the meaning of 28 U.S.C. § 1331, which would confer original federal court jurisdiction over this matter. The allegations against the Defendants are strictly rooted in common law and state statutes. Thus, diversity of citizenship as defined under 28 U.S.C. § 1332(a) does not exist. Therefore the case must be remanded.

> Formatted: Indent: First line: 0"

Respectfully submitted,

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL

17

MICHELLE HENRY
ATTORNEY GENERAL

By:    /s/ James A. Donahue, III
       James A. Donahue, III
       First Deputy Attorney General
       Attorney for Plaintiff
       PA ID No. 42624
       Office of Attorney General
       1600 Arch Street, 3rd Floor
       Philadelphia, PA 19103
~~December 9, 2025~~                     (215) 560-2402~~Phone: (215) 560-~~
~~2402~~

Formatted: Normal, Indent: Left: 0"

Formatted: Normal, Indent: Left: 3"

Gene J. Herne
Chief Deputy Attorney General
Attorney ID NO. 82033

Rosalind M. Karlin                     ~~Senior~~
Senior Deputy Attorney General

Attorney ID NO. 308417

Pamela S. Fingerhut

Senior Deputy Attorney General
Attorney ID NO. 84079

December 10,
2024
ATTORNEYS FOR PLAINTIFF

Formatted: Font color: Red
Formatted: Indent: Left: 0"

18

# CERTIFICATE OF SERVICE

I, Rosalind M. Karlin. Hereby certify that a true and correct copy of the Commonwealth's Amended Motion to Remand and Amended Memorandum of Law was served via the Court's electronic case filing system upon all parties of record through their counsel.


*/s/ Rosalind M. Karlin*

Rosalind M. Karlin


Dated: December 10, 2024