IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA,<br>By Michelle A. Henry, Attorney General | :<br>:<br>:<br>: | CIVIL ACTION<br><br>Case No. 2:24-cv-05853 |
| Plaintiff, | :<br>: | |
| v. | :<br>:<br>: | |
| PROSPECT MEDICAL HOLDINGS, INC., PROSPECT CROZER, LLC, LEONARD GREEN & PARTNERS, SAMUEL LEE, Individually, and DAVID TOPPER, Individually | :<br>:<br>:<br>:<br>:<br>: | |
| Defendants. | :<br>: | |

**DEFENDANT LEONARD GREEN & PARTNERS, L.P.'S NOTICE IN RESPONSE TO THE COURT'S ORDER DATED FEBRUARY 12, 2025**

Defendant Leonard Green & Partners, L.P. ("Leonard Green") respectfully submits this Notice in response to the Court's Order dated February 12, 2025. (ECF No. 39). The Order directed the parties to either "(1) file a stipulated remand order recognizing that this court lacks subject matter jurisdiction or (2) show cause why the case should not be remanded for" lack of subject matter jurisdiction. *Id.*

**A.    Leonard Green Does Not Consent To Remand And the Remand Motion Should Be Denied.**

1.    For the reasons set forth in Defendant Prospect Medical Holdings, Inc. and Prospect Crozer, LLC's Opposition to the Plaintiff's Amended Motion for Remand (ECF No. 34) and Defendant Leonard Green's Joinder to that Opposition (ECF No. 35), Leonard Green does not agree to remand. Because Leonard Green does not stipulate to remand, this action cannot be remanded by agreement between Prospect and Plaintiff.

1

2. In addition, since the Plaintiff's Amended Motion for Remand (the "Remand Motion") was fully briefed, Prospect Medical Holdings, Inc. and certain of its affiliates (collectively, the "Debtors") filed for chapter 11 bankruptcy protection in the Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court"). ***This development is determinative.*** The Debtors' bankruptcy filing is an independent ground that confers jurisdiction to this Court. Specifically, 28 U.S.C. § 1334(b) confers to the federal district courts jurisdiction over all matters "relating to" a bankruptcy. The Third Circuit has interpreted this jurisdictional grant broadly to include any "proceeding if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *See In re Resorts Int'l, Inc.*, 372 F.3d 154, 164 (3d Cir. 2004) (internal quotation marks omitted). Here, this action involves claims against the bankrupt debtor, and the receiver would have authority to administer assets of the bankrupt debtor pursuant to a Receiver Agreement that the Debtors were authorized to enter into and that will be overseen by the Bankruptcy Court. As such, there is no doubt that this Court has jurisdiction over this action and the Remand Motion should be denied.

**B.     The Court Need Not Rule On The Proposed Receiver Order.**

3. Leonard Green submits this notice to provide the Court with guidance pursuant to footnote 1 of the Court's February 12th Order. Leonard Green respectfully submits that this Court need not rule on the pending Remand Motion (ECF Nos. 29, 34–36) or on the Stipulation and Agreed Upon Order Authorizing the Debtors to Enter into the Receiver Agreement with the Commonwealth of Pennsylvania and the Attorney General's Office for the Commonwealth of Pennsylvania (ECF No. 38) ("District Court Stipulated Order").

4. The Bankruptcy Court has already approved the Receiver Agreement and authorized the Debtors to enter into it. On February 7, 2025, the Bankruptcy Court overseeing the Debtors' Chapter 11 proceedings signed and entered a stipulation and order that is substantially

2

similar to the District Court Stipulated Order.  Stipulation and Order, *In re Prospect Med. Holdings, Inc.*, No. 25-80002 (SGJ) (Bankr. N.D. Tex. Feb. 7, 2025), ECF No. 481 ("Bankruptcy Court Stipulated Order").  Among other things, the Bankruptcy Court authorized the Debtors to enter into the Receiver Agreement—the identical Form of the Receiver Agreement was attached to both the District Court Stipulated Order and the Bankruptcy Court Stipulated Order.  In addition, the Bankruptcy Court ordered that the Receiver would operate the Facilities under the supervision of the Bankruptcy Court.  *Id*. at 2–3.  The Bankruptcy Court also authorized the Receiver "to begin operating the Facilities [*i.e.*, the Debtors' hospitals in Pennsylvania] *immediately*."  *Id*. at 4 (emphasis added).  The Bankruptcy Court "retain[ed] exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order."  *Id*. at 5.  Finally, there is nothing in the Bankruptcy Court's order that states that it is conditional or subject to an order from this Court.  Because the Receiver has been authorized to operate the hospitals "immediately" after entry of the Bankruptcy Court Stipulated Order on February 7, 2025, it is not necessary for this Court to rule on the District Court Stipulated Order.  Adopting such an approach serves the interests of judicial economy and is consistent with principles of comity.

5. The Bankruptcy Court has the full authority to authorize the Debtors to enter into the Receiver Agreement.  As an initial matter, "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with *all matters connected with the bankruptcy estate*[.]"  *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995) (emphasis added) (internal quotations omitted).  The Receiver Agreement is indisputably connected with the bankruptcy estate as it concerns additional funding for the operations of several of the Debtors' hospitals in Pennsylvania.

3

6. Specifically, under the equitable powers as set forth in section 105(a) of the Bankruptcy Code, "the appointment of a receiver is a remedy which lies within the ambit of the [Bankruptcy] Court's authority, particularly where, as here, the threat of asset dissipation is raised." *In re Schlein*, 178 B.R. 82, 85 (Bankr. E.D. Pa. 1995) (citing *In re Memorial Estates, Inc.*, 797 F.2d 516 (7th Cir. 1986).

7. Although section 105(b) of the Bankruptcy Code provides that "a court may not appoint a receiver in a case under [Title 11]," numerous courts have interpreted that provision to prohibit appointing a receiver *in lieu of a bankruptcy trustee*. See, e.g., *In re Olympia & York Maiden Lane Co.*, 233 B.R. 662, 667 (Bankr. S.D.N.Y. 1999) (internal citations omitted); *In re Memorial Estates, Inc.*, 797 F.2d at 519–20 (7th Cir. 1986) ("The power cut off by section 105(b) of the Bankruptcy Code is the power to appoint a receiver for the bankrupt estate, that is, a receiver in lieu of a trustee."); *Craig v. McCarty Ranch Tr. (In re Cassidy Land and Cattle Co.)*, 836 F.2d 1130, 1133 (8th Cir. 1988), *cert. denied*, 486 U.S. 1033 (1988) (same)).[1] That is not what is happening here. The Receiver Agreement does not seek to appoint a receiver to oversee the Debtors' estate.[2] Rather, the Receiver Agreement is limited to certain hospitals operated by the

---

[1] *See also In re Olympia*, 233 B.R. at 667 ("appointment of receiver proper where bankruptcy court has jurisdiction over related matter, and where the appointment of [] receiver is proper under applicable nonbankruptcy law") (citations omitted); 16 Charles Alan Wright et al., Fed. Prac. & Proc. § 3925, n.3 (3d ed. 2024) (while Bankruptcy Code explicitly prohibits appointment of receiver, appointment is proper when state court foreclosure proceeding is removed to bankruptcy court upon filing of petition).

[2] In *In re Memorial Estates, Inc.*, the Seventh Circuit explained that the prohibition in Section 105(b) was on appointing a receiver for the entire bankruptcy estate to prevent the circumvention of the appointment of a trustee: "Section 105(b) is not addressed to the power of the bankruptcy court to appoint a receiver in a separate controversy between a creditor and the debtor or another creditor." 797 F.2d at 520. Here, the receiver is being appointed in connection with a separate controversy between the Plaintiff and the Debtors.

Debtors; it is designed to prevent asset dissipation; it is limited to the use of additional funds from the Commonwealth to fund operations at such hospitals; and it is limited to a period of 30 days.

8. Moreover, the prohibition in Section 105(b) is on appointing a receiver "in a case under this title." "Case" refers to the bankruptcy case and not lawsuits related to a case. Here, the receiver is being appointed in connection with a separate controversy between the Plaintiff and the Debtors.

For the reasons set forth above, Leonard Green respectfully submits that this Court need not rule on the pending Remand Motion (ECF Nos. 29, 34–36) or on the District Court Stipulated Order (ECF No. 38). To the extent the Court decides to rule on the Remand Motion at this juncture, the Remand Motion should be denied.

Date: February 14, 2025

Respectfully submitted,

**PIETRAGALLO GORDON ALFANO BOSICK AND RASPANTI, LLP**

By: */s/ Douglas K. Rosenblum*
Marc S. Raspanti, Esquire (41350)
Douglas K. Rosenblum, Esquire (90989)
Mary Kate McDevitt, Esquire (332694)
1818 Market Street, Suite 3402
Philadelphia, PA 19103
(215) 320-6200 (Telephone)
(215) 981-0082(Telecopy)
MSR@pietragallo.com
DKR@pietragallo.com
MKM@pietragallo.com

QUINN EMANUEL URQUHART & SULLIVAN LLP

<u>/s/*Manisha M. Sheth*</u>
Manisha M. Sheth
*Admitted pro hac vice*
295 Fifth Avenue
New York, New York 10016
(212) 849-7000 (Telephone)
(212) 849-7100 (Telecopy)
manishasheth@quinnemanuel.com

*Counsel for Defendant, Leonard Green & Partners L.P.*

## **CERTIFICATE OF SERVICE**

I certify that I caused a true and correct copy of the foregoing Notice In Response To The Court's Order Dated February 12, 2025 to be served on all counsel of record via the Court's ECF system.

                                                  */s/ Douglas K. Rosenblum*
                                                  DOUGLAS K. ROSENBLUM
                                                  *Counsel for Leonard Green & Partners, L.P.*

Dated: February 14, 2025

11130507/3