IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA<br>By MICHELLE A. HENRY, Attorney General,<br><br>        Plaintiff,<br><br>v.<br><br>PROSPECT MEDICAL HOLDINGS, INC., PROSPECT CROZER, LLC, LEONARD GREEN AND PARTNERS, SAMUEL LEE, Individually, and DAVID TOPPER, Individually,<br><br>        Defendants. | Case No.: 2:24-cv-05853-JFM |

**PROSPECT MEDICAL HOLDINGS, INC. AND PROSPECT CROZER, LLC'S RESPONSE TO THE COURT'S ORDER DATED FEBRUARY 18, 2025**

    Prospect Medical Holdings, Inc. and Prospect Crozer, LLC (together, "Prospect"), respectfully submit this response to the Court's Order dated February 18, 2025 directing the parties to respond to the argument by defendant Leonard Green and Partners that "[t]he Debtors' bankruptcy filing is an independent ground that confers jurisdiction to this Court." *See* ECF No. 43.

    Exigent circumstances led Prospect to agree to a remand to ensure prompt receipt of direly needed funds necessary to avoid a shutdown of the Crozer Health System. Prospect's principal concern is, and remains, receiving funding through the receivership so it can continue to provide healthcare to the Delaware County community pending a potential transition of the Crozer Health System to a non-profit entity supported by the Commonwealth of Pennsylvania.

    Delaware County had, until recently, requested that an order approving the receivership be entered before it released funds owed to Prospect to the receiver (as described below). Delaware County subsequently requested, as an alternative, that assurance be provided by the Bankruptcy Court in the form of a Bankruptcy Court order before releasing the funding. As of this writing,

Delaware County has represented that upon receipt of such a Bankruptcy Court order, which is being separately requested, funds can be released to the receiver within one business day. With either that order or an order approving the receivership by this Court or the Delaware County Court of Common Pleas, Prospect will receive the much-needed funding. Time remains of the essence.

Accordingly, Prospect respectfully requests that this Court enter a remand order, or schedule a telephonic status conference tomorrow so that the parties can be heard. Prospect's sole priority is to have a receivership order entered by a court so that the funds can be transferred to the receiver. The survival of the Crozer Health System depends on immediate action in this matter.

**Background**

1. Prospect had a good faith basis to remove this case to federal court. *See* ECF No. 34 (incorporated by reference). However, to receive critically needed funding and avoid a potential shutdown, Prospect stipulated to a remand. Prospect's stipulation is consistent with its understanding of the Court's Order of February 12, 2025. Dkt. 39 n.1 ("If the parties want this handled immediately, then stipulate to the remand and ask the state court to sign the order.").

2. Prospect filed for Chapter 11 on January 11, 2025. Its bankruptcy case is pending in the Northern District of Texas Bankruptcy Court under the supervision of Chief Judge Stacey G.C. Jernigan (the "Bankruptcy Case"). The Crozer Health System is part of Prospect and part of the Bankruptcy Case. It has a limited amount of debtor-in-possession financing to fund its operations during the Bankruptcy Case, and had insufficient funding to keep the Crozer Health System open beyond early February without additional funds being received.

3. A closure of the Crozer Health System, which is also Delaware County's largest employer, would create tremendous upheaval in the delivery of health care services in Delaware County, and both the Attorney General's Office and Prospect have worked diligently to avoid that outcome.

4. To keep the Crozer Health System operating and avoid a closure for any period in bankruptcy, and to support the continued delivery of health care services in Delaware County, Prospect has worked to identify sources of funding that may be used to operate the hospital—consistent with Bankruptcy Code. Those funds will not be paid to Prospect but will be paid directly

2

to the receiver.

5. One of the sources of funding that Prospect identified is a set of payments due for services provided to and owed by Delaware County.

6. As set forth on the record before Judge Jernigan in the Northern District of Texas Bankruptcy Court, Prospect has identified approximately $9.8 million in payments that the County is prepared to make for services previously rendered by the Crozer Health System.

7. Delaware County and the Pennsylvania Attorney General's Office were unwilling to allow these funds to be released directly to Prospect, and insisted upon the appointment of a receiver to accept and manage the funds.

**The February Order by the Bankruptcy Judge**

8. At the February 6, 2025 hearing before Judge Jernigan, Judge Jernigan approved a 30-day receivership to manage the hospital system and provide additional time to progress towards a transition to a not-for-profit owner.

9. Prospect and the Attorney General worked expeditiously to establish a receiver that would supervise Crozer Health and receive the funds committed to Prospect.

10. Judge Jernigan approved a limited lifting of the bankruptcy stay to facilitate the entry of a receiver order by another court.

**The Parties Return to the EDPA**

11. Prospect and the Attorney General's Office thereafter returned to U.S. District Court for the Eastern District of Pennsylvania, where this action is pending.

12. The receivership order was submitted on February 7, 2025.

13. The Court, recognizing that the remand motion remained unresolved, issued its February 12, 2025 Order which directed the parties to "(1) file a stipulated remand order recognizing that this court lacks subject matter jurisdiction or (2) show cause why the case should not be remanded for that reason." Dkt. 39.

14. The Court in a footnote added that it considered the Commonwealth's arguments persuasive, and that "[i]f the parties want this handled immediately, then stipulate to the remand and ask the state court to sign the order." *Id.*, n.1.

3

**Prospect Agrees to a Remand to Obtain Essential Funds**

15. Because of the critical need for immediate funding as explained above, it was imperative that this matter be addressed "immediately," as the Court suggested, and thus Prospect and the Attorney General's office began discussing the possibility of a stipulation.

16. While Prospect had a good faith basis to remove on a contested diversity question, the most efficient pathway to obtain court appointment of the receiver was to accept a remand.

17. Because this is an extraordinarily time-sensitive situation requiring a court to enter the receiver order so as to receive desperately needed funding, Prospect had no other viable option than to accept the remand, and has agreed to the stipulation as suggested in this Court's February 12, 2025 Order.

18. With respect to Leonard Green's position, Prospect does not dispute that it may have a right pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure to invoke bankruptcy jurisdiction on the basis that these proceedings are related to Prospect's Chapter 11 case. But the Court is not *required* to exercise such jurisdiction and it would be counterproductive to do so in these circumstances. First, district courts do not have "exclusive" jurisdiction over civil proceedings "related to cases under title 11." 28 U.S.C. § 1334. Second, Prospect did not remove on the basis of such "related to" jurisdiction, nor has Prospect – the debtor whose estate is at issue – ever sought to invoke such jurisdiction. Third, the Court need not consider a new basis for jurisdiction raised only in opposition to a motion to remand. *See Akins v. Radiator Specialty Co.*, Civ. A. No. 3:05-451, 2006 WL 2850444 at *2, (W.D. Pa. Sep. 29, 2006) (rejecting the defendants' "new and independent basis for federal question jurisdiction" raised in their response to the plaintiffs' remand motion) (citing *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205-06 n.11 (3d Cir. 2003)); 14C Charles Alan Wright & Arthur R. Miller, et al., *Federal Practice and Procedure* § 3733 (4th ed. 2012) ("In most circumstances . . . defendants may not add completely new grounds for removal or furnish missing allegations, even if the court rejects the first-proferred basis of removal.").

4

| | |
|---|---|
| February 20, 2025 | Respectfully submitted,<br><br>*/s/Luke P. McLoughlin*<br>DUANE MORRIS LLP<br>Alan C. Kessler<br>Luke P. McLoughlin<br>Ryan Monahan<br>Lauren Pugh<br>30 S. 17th Street<br>Philadelphia, PA 19103<br>LPMcLoughlin@duanemorris.com<br><br>*Counsel for Prospect Medical Holdings, Inc. and Prospect Crozer, LLC* |

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2025, a true and correct copy of the foregoing *Response to the Court's Order dated February 18, 2025* was electronically filed with the Court, and was served upon all counsel of record via the Court's CM/ECF system.

/s/ *Luke P. McLoughlin, Esq.*
Luke P. McLoughlin, Esq.