## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  24-5853 |
| | : | |
| PROSPECT MEDICAL HOLDINGS, INC., PROSPECT CROZER, LLC, SAMUEL LEE, DAVID TOPPER | : | |

## ORDER

**AND NOW**, this 21st day of February 2025, following our case management videoconference held today with all counsel, and the agreed upon stipulated remand order between the Commonwealth of Pennsylvania, Office of Attorney General, Prospect Medical Holdings, Inc., and Prospect Crozer, LLC (DI 40), it is **ORDERED**:

1.   The Clerk of Court shall **immediately remand** this case to the Delaware County Court of Common Pleas.[1]

2.   The Commonwealth's motions to remand (DI 17, 29) are **DENIED as moot**.

3.   The Clerk of Court shall **close** this case in this District.

**MURPHY, J.**

---

[1] There are good reasons to think that we lack diversity jurisdiction here (because the Commonwealth is not a citizen of Pennsylvania) and that under 28 U.S.C. § 1334(c)(2), we should abstain from exercising any federal question jurisdiction conveyed by the related bankruptcy proceeding.  Setting that aside, the Commonwealth and the Prospect defendants stipulated to a remand (DI 40); we gave the other defendants the opportunity to object (DI 39); only Leonard Green and Partners objected (DI 41, 42); but the Commonwealth then voluntarily dismissed Leonard Green and Partners (DI 50); therefore in the absence of objection and having a reasoned basis to agree with the parties that remand is appropriate, we remand.